# THE PEOPLE *v.* JOHN McCREA.

EVIDENCE OF CIRCUMSTANCES TO FIX TIME.—If a defendant, on trial on a charge
of robbery, claims to have been at another place when the robbery was committed,
and there is testimony tending to show that he was at such other place about that
time, any circumstances which will tend to fix the time he was at such other place
are admissible in evidence.

HEARSAY TESTIMONY.—Statements of a person who has been robbed, made to a
third party, as to the description of the person who robbed him, are hearsay, and
not admissible in evidence on the part of defendant to show that he is not the
person thus described.

ACQUIESCENCE IN STATEMENTS OF OTHERS.—Admissions and confessions of guilt
may be implied from the acquiescence of the party to whom they are made in the
statements of others made in his presence. It makes no difference that the state-
ments which call for a reply are made by a party who is incompetent to testify.

IDEM.—Such statements are admitted in evidence, not as themselves evidence of
the truth of the facts stated, but to show the conduct of the defendant under the
circumstances.

APPEAL from the County Court, Placer County.

The assault with intent to rob was alleged to have been
committed at Stewart's Flat, on the 26th day of March, 1866.
One Baird owned a mining claim some distance from the place
of the alleged assault. He was called as a witness on behalf
of defendant, and testified that the defendant and Jones were
at his claim on the morning of the 26th of March, and left
there about ten o'clock, A. M. and went towards their place of
residence; that he went to Stewart's Flat on the afternoon of
the same day, to consult with Mr. Kincaid, an attorney at law.
The defendant's attorney then offered to prove by the witness
that when the witness saw Kincaid that afternoon at Stewart's
Flat, Kincaid told the witness that he had heard of the alleged
assault to rob committed on Hong Koy, and had heard that it
was committed in the forenoon of that day, within half a mile
of Stewart's Flat. The District Attorney objected to the
admission of the testimony, and the Court sustained the objec-
tion. The defendant then called J. T. Kincaid as a witness,
and offered to prove by him the same conversation with Baird,
and also offered to prove by him that Hong Koy came to him
on the day of the alleged robbery and described the persons
who attempted to rob him, and that the descriptions thus

given did not correspond with defendant and Jones. The District Attorney objected to the evidence, and the Court sustained the objection. The jury found the defendant guilty, and he was sentenced to confinement in the State Prison, and appealed.

The other facts are stated in the opinion of the Court.

*Jo. Hamilton,* for Appellant.

Chinamen are not permitted to testify by the laws of this State in cases where a white man is a party. The testimony of Pool should not therefore have been received as to the statements of Hong Koy. Hong Koy, not being a witness, his statements should not have been received. The statements of the Chinaman to Kincaid as to who robbed him, should have been received.

*J. G. McCullough, Attorney-General,* for the People.

By the Court, SAWYER, J. :

McCrea was jointly indicted with Jones, in the case of *People* v. *Jones,* 30 Cal. 565, for an assault with intent to rob Hong Koy, but separately tried. The evidence is very much like the evidence in the case of Jones. Some of the same errors were committed in admitting testimony that we have pointed out in that case, and it is unnecessary to consider them further.

We also think there was error in refusing to admit the testimony of Baird, Kincaid and some others, as to circumstances tending to identify the day on which defendant was at Baird's claim. We think the evidence excluded was admissible for that purpose. It was claimed by defendant that he was at Baird's claim on the morning of the 26th, at the very time when the robbery was claimed to have been committed, and, therefore, that it could not have been committed by him. There was testimony tending to show that he was at Baird's claim on some occasion about that time, and it was important

to identify the precise time, and any circumstances which would tend to fix the time were admissible for that purpose.

The testimony offered as to the description given by the Chinaman to Kincaid of the parties who made the assault was properly excluded. It was mere hearsay testimony.

Sheriff Poole, under objection and exception on the part of the defendant, testified in regard to conversations which took place on a day subsequent to the alleged robbery in the presence of the prisoner. He stated: "I asked the Chinaman (Hong Koy) if he knew this man (pointing to defendant, McCrea). The Chinaman said, yes. He, the Chinaman, then took hold of my arm and showed me how defendant had tried to rob him. The Chinaman said: You are the man who tried to rob me. He then told me how it was done. * * * After the Chinaman had concluded his statement, McCrea remarked: That will do; I can prove where I was that day; which was all he said in the conversation."

Admissions and confessions may be implied from the acquiescence of the party in the statements of others made in his presence, when the circumstances are such as afford an opportunity to act or speak, and would naturally call for some action or reply from men similarly situated. (1 Green. Ev. Secs. 197, 215; Joy on Confessions, 77.) And it makes no difference that the statements which call for a reply are made by a party who is incompetent to testify.

In *Rex* v. *Bartlett*, 7 Car. and Pay. 832, on a trial of an indictment for murder, the following statement of the wife, in presence of the husband, the defendant in the case, and his reply, were offered in evidence. The statement of the wife was as follows: "Oh, Bartlett, how could you do it?" He looked steadfastly at her and said: "Ah! what! you accuse me of murder, too!" She said: "I do, Bartlett; you are the man that shot my mother." The prisoner did not make any reply. She then turned to the witness, and said: "This is done for money." This testimony was held admissible. In *Rex* v. *Smithers* 5 Car. and Pay. 332, also an indictment for murder, effected by setting fire to a house, it was held that

" observations made to the prisoner by his wife on the subject of the fire, to which he made an evasive reply," were admissible. The Judges said that the fact that the wife " could not be called as a witness did not vary the general rule, that whatever was said to a prisoner on the subject matter of the charge, to which he made no direct answer, was receivable as evidence of an implied admission on his part." (See, also, *Neile* v. *Jakle,* 2 Car. and Kir. 790.)   The rule recognized by these authorities is clearly broad enough to cover the testimony in question.   But these statements are admitted, not as of themselves evidence of the truth of the facts stated, but simply to show what it is that calls for a reply, and the action of the defendant himself under the circumstances, as indicating an acquiescence in, or repudiation of, the truth of the statement.   His own action under the circumstances in which he is placed, is the matter to be considered and weighed by the jury.   The degree of credit due to such evidence of implied admissions is to be estimated by the jury under the circumstances of each case.   But jurors should be cautioned not to allow their attention to be diverted from the conduct of the prisoner—the real matter to be considered—to the statements of the third party, as containing the evidence of the facts sought to be established.   To do so, would be to receive and give effect to statements which, except for the purpose of showing the circumstances under which the prisoner is called upon to act or speak, would be wholly inadmissible.   The prisoner, at best, is taken at a disadvantage, and is bound to reply or not reply, at his peril, to the inquiries or statements of any officious intermeddler who may be able to obtain access to him.   There was no error in admitting this testimony ; but the jury are to judge whether the action or answer of the defendant was, under all the circumstances, entitled to any, and how much weight, as indicative of an admission of guilt.

The judgment must, however, be reversed and a new trial had, in consequence of other errors noticed, and it is so ordered.