Statement of Facts.

[No. 10,121.]

## THE PEOPLE v. DOMINGO ESTRADO.

EVIDENCE OF DECLARATIONS.—If two are jointly indicted for murder, and on the separate trial of one, there is evidence tending to show a conspiracy between them, evidence of declarations of the other made in the presence of the defendant, are admissible on behalf of the prosecution.

EVIDENCE OF STATEMENTS MADE IN PRESENCE OF DEFENDANT.—Statements made after the commission of a crime, in the presence of one charged with it, as to the circumstances attending its commission, do not of themselves prove the circumstancs narrated, but are evidence only to the extent that they are admitted by the person charged, either by his express assent or by his silence.

IDEM.—When such statements are called for by the attorney for the prosecution, the question is not objectionable as irrelevant or incompetent, but counsel may ask for instructions to the jury, limiting their effect.

IDEM.—In such case, the statement made by the defendant on trial, at the same time, is also admissible in evidence, in order that the jury may compare the two.

MANSLAUGHTER.—If, on a trial for murder, there is no evidence upon which the jury can find that the killing was done in the sudden heat of possion, it is not error for the Court to refuse instructions asked by the defendant as to a reduction of the crime to manslaughter.

APPEAL from the District Court, Sixth Judicial District, County of Sacramento.

Domingo Estrado, the defendant here, and Filomena Cotta, were jointly charged in the indictment with having murdered John Cruse, at Sacramento, in April, 1874. Cruse was killed by the stab of a knife, in the night of the 7th of April, 1874. The next day Estrado and Cotta were arrested for the murder. On the 12th of April, they were taken by the police officers to the station house, and were there asked to make statements. Cotta first made a statement in the presence of Estrado and the police officers. On the separate trial of Estrado, R. W. Dunlevy, one of the police officers, in whose presence Cotta's statement was made, was called as a witness by the prosecution, and was asked what statement Cotta made. The defendant objected to the evidence as being irrelevant, improper, and incompetent. The Court overruled the objection. The witness then stated that he took down the substance of Cotta's statement in writ-

ing, and referring to the written memorandum, told the Court and jury what Cotta's statement was, as to how the killing occurred. After Dunlevy had repeated Cotta's statement, he, at the request of the prosecuting attorney, repeated the substance of a statement made by Estrado after Cotta had concluded. Both Cotta and Estrado admitted the killing of the deceased, but differed in their statements as to how it occurred. Estrado claimed that it was done in self defense. On the trial the prosecution called as a witness Louisa Letcher, who testified that on the night of the killing the deceased came into her saloon, and while he was talking to her, Estrado and Cotta came in, and Estrado sat down near the deceased, and deceased asked her if she had seen any of his friends, and she answered no, and he replied, I will wait awhile. She stated that Cotta was on the other side of the saloon, and not within hearing, and that Estrado and Cotta left together. The defendent objected to the testimony, and asked that it be stricken out as irrelevant, but the Court overruled the objection, and denied the motion.

The defendant's attorney asked the Court to instruct the jury as to what constituted manslaughter, which the Court refused. The defendant was convicted of murder in the first degree, and sentenced by the jury to be hung, and he appealed.

The other facts are stated in the opinion.

*Jo Hamilton* and *T. S. Brown,* for the Appellant, as to the admission of the statements in evidence, cited, Vol. 1, Greenleaf on Ev., secs. 197, 215, and Joy on Confessions, Sec. 77.

*Attorney-General Love* and *C. T. Jones,* for the People.

By the Court, McKinstry, J.:

The conversation of the deceased in the presence of Cotta was admissible, because there was evidence tending to prove a conspiracy between the latter and the defendant.

At the trial the witness, Dunlevy, was asked by the Dis-

trict Attorney, "state what statement Cotta made in the presence of the defendant?" Counsel for the defendant objected to the witness testifying to Cotta's statement as being irrelevant, improper and incompetent. The action of the Court below in overruling this objection is assigned as error. The response called for by the question could not have been necessarily irrelevant, improper or incompetent. The statement of Cotta was not offered to prove of itself the circumstances narrated by him. It was evidence against the defendant only to the extent it was admitted by the defendant to be correct, his acquiescence being indicated by his express assent by his silence, or by acts or conduct on his part which could be fairly construed as an assent. The defendant's counsel could have asked for an instruction limiting the effect of Cotta's statement, but the District Court was not required to sustain the objection and thus determine in advance, that whatever was said by Cotta was distinctly and positively denied by Estrado. Immediately after the close of the narration by Cotta, a statement was made by Estrado, which, while denying many of the details of the accounts given by the former, agreed with that account as to some of the facts. It was not error to permit both statements to go to the jury, that by comparison of the one with the other it might be ascertained how far the allegations of Cotta were admitted by Estrado to be true. The statement of Cotta, however, so far as it was contradicted by, or was irreconcilable with that of Estrado, was not evidence against him, and if Estrado's statement in respect to the actual conflict was correct, he was innocent of any crime. It cannot be assumed that the statement of Cotta, where denied by the defendant, had any appreciable weight with the jury. There was no evidence, therefore, on which the jury could have properly found that the killing was done in a sudden heat of passion, and there was no error in denying the instruction as to manslaughter.

Judgment and order affirmed.