[No. 10,381.]

## THE PEOPLE v. AH YUTE.*

CONTINUANCE—ABSENT WITNESS.—Affidavits for a continuance on the ground of the absence of a witness should state facts from which the Court may infer that there is reasonable ground to believe that the attendance of the witness at a future day can be procured.

EVIDENCE—STATEMENTS MADE TO PRISONER.—Statements made to the prisoner in respect to his connection with the alleged offense are admissible, to show his conduct when the statements were made, but not as evidence of the truth of the statements.

SAME—INSTRUCTIONS TO JURY.—The failure of the Court to instruct the jury that those statements are not admissible for the latter purpose is not erroneous, unless the Court was requested to give such instructions.

APPEAL from the District Court of the Fifteenth Judicial District, San Francisco.

The defendant was convicted of murder, and moved for a new trial which was denied, whereupon he appealed. The other facts are stated in the opinion.

*T. V. O'Brien* and *L. H. Schaick*, for Appellant.

*Attorney-General Hamilton*, for Respondents.

---

* A rehearing has been granted in this case.

By the COURT:

The affidavit presented by the defendant was not sufficient to entitle him to a continuance of the cause.

It states that the absent witness, soon after the homicide, left this State for Portland, in the State of Oregon. The homicide was committed in January, 1878, the indictment was found in May, and the affidavit was filed in October of the same year. The defendant does not state that he has heard from the witness since he left this State, nor does he state any fact tending to show that he expects to be able to procure his attendance at a future day. He should have stated facts from which the Court might infer that there was reasonable ground to believe that the attendance of the witness, or his testimony, could be procured at a future day. (*People* v. *Francis*, 38 Cal. 188.)

The affidavits presented in support of the motion for a new trial, on the ground of newly discovered evidence, do not state any evidence as having been discovered by the defendant since the trial, but the only evidence mentioned therein is the same as that which was stated in the affidavit for a continuance. The affidavits are clearly insufficient to support the motion.

Houghtaling, the police officer who arrested the defendant, took him on the day of the homicide to the place where the body of the deceased was lying, and where they met Ah Heong, a Chinese woman, and he [Houghtaling] was asked by the prosecution what she said in the presence of the defendant, and he answered: "She said, this [the defendant] is the man who shot him or killed him." The defendant objected to the question, and moved that the answer be stricken out, but the Court overruled the objection, and denied the motion.

This question was fully considered in *People* v. *McCrea*, 32 Cal. 98. The testimony objected to in that case was of the same character as that stated above, and it was held that it was admissible—that such statements were admissible, "not as of themselves evidence of the truth of the facts stated, but simply to show what it is that calls for a reply, and the action of the defendant himself under the circumstances, as indicating an acquiescence in, or repudiation of, the truth of the statement."

That is, in our opinion, the proper solution of the question. (See, also, *People* v. *Estrado*, 49 Cal. 172.)

The testimony in respect to other statements made by other Chinese in the presence of the defendant, while in jail, was also admissible upon the same ground, and for the same purpose.

The defendant contends that the Court erred in not instructing the jury in respect to the purpose for which that evidence was admitted. The proposition is fully answered by *People* v. *Collins*, 48 Cal. 278, and *People* v. *Estrado*, 49 Cal. 173, in which it is held that the *defendant's counsel should have asked for* an instruction limiting the effect of the statements to their legitimate purpose.

Judgment and order affirmed, and the Court below is directed to fix a day for carrying the judgment into execution.