[No. 21093.    Department Two.—August 11, 1894.]

THE PEOPLE, RESPONDENT, v. JOSEPH MALLON, APPELLANT.

103   513|
108    13|
109   603|
——————
103   513
d125  547

CRIMINAL LAW—EVIDENCE—STATEMENTS MADE IN PRESENCE OF ACCUSED—ACQUIESCENCE.—While a statement made in the presence of the accused is not admissible, as being itself evidence of any fact narrated therein, it is admissible, primarily, for the purpose of showing that the accused acquiesced in it either by express assent or by silence, or by such conduct as fairly implied assent; though such testimony should be received guardedly, and, if not followed by any proof of the conduct of the accused, should be stricken out, and, if requested by the defendant's counsel, the court should instruct the jury that the statement is limited as evidence for the purpose of showing the acquiescence or assent of the accused.

ID.—INSTRUCTIONS—ASSAULT WITH INTENT TO ROB—ASSUMPTION OF UNDISPUTED FACT.—Upon the trial of a defendant accused of assault with intent to commit robbery, an instruction to the effect that in case the jury have no doubt that the defendant aided and participated in the assault they must give him the benefit of that doubt, and in that case they must find him guilty of simple assault, does not prejudicially assume that an assault was committed, where the assault was clearly shown and is an undisputed fact.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Augustus Tilden*, for Appellant.

*Attorney General W. H. H. Hart*, and *Deputy Attorney General Charles H. Jackson*, for Respondent.

McFARLAND, J.—The appellant Mallon was charged, jointly with one Foran, with assault with intent to commit robbery upon the person of one John Tieck, and was convicted as charged. He appeals from the judgment, and from an order denying his motion for a new trial.

Only two points are urged for a reversal: 1. That the court erred in admitting certain testimony of Crock-

ett and Donovan, witnesses for the prosecution; and 2. That the court erred in giving a certain instruction, which, it is contended, assumed that an assault had been committed.

It is doubtful if the record shows any sufficient objection to that part of the testimony of Crockett and Donovan which is claimed to be inadmissible, but assuming that it does, we do not think that there was error in admitting said testimony. These witnesses were allowed to testify, among other things, to certain statements made by the said Foran (who had pleaded guilty) in the presence of appellant; and it is this part of their testimony that is claimed by appellant to have been improperly admitted. This testimony, standing by itself and without any connection with the conduct of appellant when the alleged statements were made, would, no doubt, have been clearly hearsay and inadmissible. But it is established law that while a statement made in the presence of the accused is not admissible as being itself evidence of any fact narrated in such statement it is admissible, primarily, for the purpose of showing that the accused acquiesced in the statement either by express assent, or by silence, or by such conduct as fairly implied assent. (*People* v. *McCrea*, 32 Cal. 98; *People* v. *Estrado*, 49 Cal. 171.) Such testimony should, no doubt, be received guardedly; if not followed by any proof of the conduct of the accused it should be stricken out; and if requested by the defendant's counsel (which was not done in the case at bar) the court should instruct the jury that such statement was limited as evidence to the purpose above indicated. But it is not error to admit such statements in the first instance. In the case at bar we think that it clearly appears what the conduct of defendant was when Foran was making his statements, and that he did not deny them. During the testimony of Crockett as to said statements, and after an objection had been made by defendant's counsel, the court said: "I assume that what the defendant

at bar said and did in the course of that conversation will come out"; and the court then asked the witness: "What did the defendant here on trial—what did he say?" to which the witness responded: "He did n't say any thing when he told him that," and the witness afterwards said: "We were all together in one group. The defendant, Mallon, said nothing." The witness Donovan, after testifying to certain statements made by Foran to defendant, said that "he did n't answer at all." And, further, that when the witness asked the defendant, "You were there?" he replied: "Do you suppose I was a damn fool to tell you I was there?" The case at bar, therefore, is not within the principle of *People* v. *Ah Yute*, 54 Cal. 89, invoked by appellant. In that case Mr. Justice Ross, delivering the opinion of the court, said that certain statements made in the presence of the defendant were hearsay and inadmissible because they stood "without any proof whatever as to the conduct by the defendant in reference to those accusations," and distinguished the case from *People* v. *McCrea*, 32 Cal. 98, and *People* v. *Estrado*, 49 Cal. 171, which were approved. As, therefore, the rulings of the court below are not erroneous upon the ground taken by appellant, it is not necessary to inquire whether or not the said statements of Foran were admissible upon the ground of a proven conspiracy between the latter and the appellant to commit the crime charged.

2. The instruction complained of is as follows: "In case you have no doubt he aided and participated in the assault, and have a reasonable doubt as to the intent of the assault, you must give him the benefit of that doubt, and in that case you must find him guilty of simple assault." We do not see that this instruction assumes any fact. It is contended that it assumes that there was an assault committed, but if that be conceded it could in no way have prejudiced appellant. It was clearly shown and undisputed that an assault was committed on Tieck by Foran with whom appellant entered

Tieck's store, and that it was committed in the presence of appellant. Appellant testified to that himself.

Judgment and order appealed from affirmed.

FITZGERALD, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.