[Crim. No. 79.   Department Two.—March 24, 1896.]

# THE PEOPLE, ETC., RESPONDENT, v. LOUIE FOO, APPELLANT.

112   17
116   510
112   17
117   651
112   17
123   490

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—EVIDENCE— PISTOL AND CARTRIDGES—IDENTIFICATION BY POLICE OFFICER.—Upon the trial of a Chinese defendant, charged with an assault with a deadly weapon, where there was testimony that the defendant fired a pistol at the prosecuting witness, and then ran immediately toward a washhouse where he was employed, and the police officer who arrested the defendant in the washhouse, testified that he found a pistol there in one of the beds, which he took in his possession, and found indications, such as powder marks and smell of powder, that it had been recently fired, and that he had taken cartridges therefrom which were fresh in appearance, the pistol and cartridges, upon being identified by the police officer, are admissible in evidence, as tending to show that defendant might have taken, fired, and reloaded it, notwithstanding testimony on the part of the defendant that the pistol belonged to the keeper of the washhouse, and that it had been loaded for several months.

ID.—SUFFICIENCY OF IDENTIFICATION—GENERAL OBJECTION—WAIVER.— An objection to the sufficiency of the identification of the pistol and cartridges is waived, where no specific objection is made upon that ground, but only the general objection that the evidence was incompetent, irrelevant and immaterial, and not connected with the defendant.

ID.—APPEAL—WAIVER OF OBJECTION WHICH MAY BE OBVIATED—LACK OF PRELIMINARY PROOF.—The failure to specify an objection to admitted evidence which might have been obviated if specified, is waived by failure to specify such objection with particularity; and where proffered evidence admitted is imperfect by the lack of preliminary proof, which may or may not be supplied, the objector must specify that objection, and a general objection to the evidence is not sufficient to warrant an investigation on appeal as to the insufficiency of the preliminary proof.

ID.—RECORD UPON APPEAL—AFFIDAVIT NOT IDENTIFIED.—An affidavit found in the record purporting to supply a question not appearing in the statement on motion for new trial, and filed on the day that the motion for new trial was filed, cannot be considered as any part of the record, where it is not identified as having been read upon the hearing of the motion, and is not embodied in the statement, or contained in any bill of exceptions.

ID.—CROSS-EXAMINATION—EXCLUSION OF EVIDENCE.—It is not error to exclude evidence offered on cross-examination of a witness for the prosecution, where it is not in explanation of anything called out on the direct examination, and is not proper cross-examination.

ID.—DECLARATION OF THIRD PARTY IN PRESENCE OF DEFENDANT.—The declaration made by the boss Chinaman at the washhouse where the defendant was arrested, are not admissible in favor of the defendant, though made in the presence of the defendant.

ID.—CROSS-EXAMINATION OF DEFENDANT—IMPEACHMENT.—It is proper, upon cross-examination of the defendant, to lay the foundation for impeachment, by asking him if he had not tried to get white witnesses to

CXII. CAL.—2

testify for him in support of an alibi claimed by him, and it cannot be properly objected that the questions on that subject were insinuations tending to prejudice the jury against the defendant, where there is no evidence of bad faith on the part of the prosecution putting the questions.

ID.—TESTIMONY OF CHINESE WITNESSES — INSTRUCTIONS — REMARKS OF DISTRICT ATTORNEY.—Where the district attorney, in his argument to the jury, expressed his opinion of the guilt of the defendant, and that the testimony of Chinese witnesses as to an alibi was not sufficient to raise a reasonable doubt as against the testimony of the white witnesses, but remarked that the jury were the sole judges of the sufficiency of the evidence and the credibility of the witnesses, such remarks are not ground for a reversal of a judgment of conviction; and when the court has instructed the jury that testimony of Chinese witnesses is governed by the same rules as that of any witness, and the credibility of Chinese witnesses must be determined by the jury in the same manner that they determine the credibility of any other witnesses, it is not error to refuse a similar instruction, stating that the argument of the district attorney as to the Chinese testimony to an alibi was not law, and that the testimony of a Chinaman must receive the same consideration as the testimony of a white man, all other things being equal.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. SMITH, Judge.

The facts are stated in the opinion.

*Marble & Phibbs,* for Appellant.

The court erred in permitting the prosecution to ask appellant whether he did not endeavor to procure white testimony as to his being in the washhouse prior to the shooting, and whether he and "the rest of his men" did not make tickets and give them to a white man, so that the latter might testify. (*People* v. *Dixon,* 94 Cal. 255.) The conduct and language of the prosecuting attorneys in the presence of the jury, and comments on Chinese testimony, are sufficient to warrant a reversal. (*People* v. *Lee Chuck,* 78 Cal. 317; *People* v. *Ah Yen,* 92 Cal. 284; 27 Am. St. Rep. 103; *People* v. *Mitchell,* 62 Cal. 411; *People* v. *Wells,* 100 Cal. 459.)

*W. F. Fitzgerald, Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

The conduct and language of the prosecuting attorney are not sufficient ground for reversal. (*People* v. *Lee Ah*

*Yute*, 60 Cal, 95; *People* v. *Barnhardt*, 59 Cal. 402; *People* v. *Ah Fook*, 64 Cal. 383; *People* v. *Wheeler*, 65 Cal. 77; *People* v. *Hamburg*, 84 Cal. 473; *People* v. *Ross*, 85 Cal. 384; *People* v. *Ward*, 105 Cal. 340.) The evidence was sufficient to justify the verdict. This court will not set aside a verdict when the evidence is conflicting, or where there is some testimony in point. (*People* v. *Manning*, 48 Cal. 335; *Lick* v. *Madden*, 36 Cal. 213; 95 Am. Dec. 175; *Wilson* v. *Fitch*, 41 Cal. 385; *People* v. *Estrada*, 53 Cal. 601.)

SEARLS, C.— The defendant was informed against, with two others, viz., Lee Kim and Ah Young, for an assault with a deadly weapon upon one Hom Lock, alleged to have been committed at the county of Los Angeles, state of California, on the twelfth day of January, 1895.

The defendants demurred to the information upon the ground: " 1. That said information does not substantially conform to the requirements of sections 950, 951, and 952 of the Penal Code of California; 2. That the facts stated in said information do not constitute a public offense."

Their demurrer was overruled, whereupon they entered a plea of "not guilty." The defendant, Louie Foo, was tried separately, and a verdict of " guilty of an assault with a deadly weapon " returned.

A motion for a new trial was made and overruled, and judgment of imprisonment for two years in the state prison at Folsom, California, was entered. Defendant appeals from the judgment, from the denial of a motion in arrest of judgment, and from an order denying his motion for a new trial.

The first point made by appellant is that the court erred in admitting in evidence certain cartridges offered by the prosecution. The point made here is that they were not sufficiently identified as the cartridges taken from a certain pistol presented by the witness, J. B. Robbins.

There had been testimony introduced tending to show
that defendant and several other parties, all Chinamen,
upon a public street in what is called Chinatown, Los
Angeles, had, by direction of defendant, fired a number
of shots from pistols at the prosecuting witness, also a
Chinaman; that defendant fired one or more of the shots;
that immediately after the shooting defendant was seen
running toward a wash-house where he was employed;
that a few minutes later the witness, J. B. Robbins, pro-
ceeded to the wash-house, found the defendant there
and arrested him, and in the room where he was found
a pistol was also found in one of the beds, which Rob-
bins, who was a police officer, took into his possession,
examined and found, as he said, indications of it hav-
ing been recently fired, such as powder marks and smell
of powder, etc.   Robbins was recalled for the prosecu-
tion, when the following proceedings were had:

"*Mr. Appel.*   You spoke about finding a pistol down
on Macy street where you arrested the defendant,
Louie Foo.   I will ask you to look at that pistol and
state whether that is the pistol?   A.   Yes, sir; that is the
one I found down there.

" Q.   And you took the cartridges out of it?   A.   Yes,
sir.   (Paper containing cartridges shown witness.)

" A.   Yes, sir.

"*Mr. Appel.*   We offer these in evidence.

" *Mr. Cheney* (for defendant).   We object upon the
ground that it is incompetent, irrelevant, and imma-
terial, and not connected with this defendant.

"*The Court.*   The objection is overruled.

"*Mr. Cheney.*   Note an exception."

The cartridges were afterward submitted to the jury,
and their appearance, as being fresh and not covered
with verdigris, commented upon as tending to show the
pistol had been recently loaded.

There was testimony on the part of the defendant
tending to show that the pistol belonged to Suey Ah
Him, who kept the wash-house; that the bed in which

it was found was his, and that it had been loaded for several months.

The pistol and its contents, if properly identified, were clearly admissible in evidence, as tending in some degree to show that defendant might have taken, fired and reloaded it.

The answer, "Yes, sir," made by the witness, immediately after the expression of the record "paper containing cartridges shown witness" would seem to indicate the probability that a question was in that connection put to the witness, which was not put down, but, if so, we are not at liberty to conjecture what it was, or to formulate a question to fit the case.

There is, it is true, an affidavit bound with the record and filed the day the motion for a new trial was filed, in which Robbins, the witness, says the question was put to him, "Did you take these cartridges from the pistol?" or, "Are these the cartridges you took from the pistol?" and that he answered "yes," etc.

This affidavit is not, however, marked or in any way identified as having been used on the motion, and is not embodied in the statement or contained in any bill of exceptions.

As was said in *People* v. *Mahoney*, 77 Cal. 532, it is a mere loose paper, and wants the authentication essential to constitute any portion of the record. (*People* v. *Mahoney, supra; People* v. *Price*, 17 Cal. 313; *People* v. *Padillia*, 42 Cal. 535.)

The question still remains, Was the objection offered by counsel for defendant sufficient to cover a want of identification of the cartridges as the one taken from the pistol? We think this question must be answered in the negative.

The general rule is, he who objects to the admission of evidence "must specify the ground of his objection when the evidence is offered, and will be considered as having waived all objections not specified." (*People* v. *Manning*, 48 Cal. 338.

Where the objection to the introduction of testimony

is, in general terms, that it is irrelevant, without stating the particular reason why it is irrelevant, and the objection could have been cured by the party offering the testimony if the reason for it had been given, the supreme court will not notice the objection. (*Owen* v. *Frink*, 24 Cal. 171.)

In *Crocker* v. *Carpenter*, 98 Cal. 418, it was held, where a general objection to the admission of evidence (that it was incompetent, irrelevant, and immaterial) is overruled by the trial court, the party against whom the ruling is made cannot be permitted to urge in the appellate court a particular objection, which, if it had been openly urged in the trial court at the time of the ruling complained of, might have been easily cured. In *Colton Land etc. Co.* v. *Schwartz*, 99 Cal. 278, a like ruling was made. The reasons given in those cases are peculiarly applicable to the case at bar. Here, had the specific objection, viz., that the cartridges had not been sufficiently identified, been pointed out, no doubt the identification would have been made complete.

In *People* v. *Frank*, 28 Cal. 507, this court held that a general objection to testimony offered that it is irrelevant and inadmissible is not sufficient if the real ground of objection is that no proper foundation has been laid for its introduction. (See, also, *People* v. *Eckman*, 72 Cal. 583.) *People* v. *Frank*, 28 Cal. 507, is in point. The defendant was indicted for forgery.

At the trial, with the object of showing guilty knowledge, the prosecution introduced in evidence three other drafts, claimed to have been forged by defendant. As to one of them, " Draft No. 9," there was no preliminary proof connecting defendant with it, or that it was a forgery. The objection to its introduction in evidence was that it was "irrelevant and incompetent." The objection was overruled and the exception noted.

The supreme court, after suggesting that at the time the court ruled upon the objection it doubtless expected that the needed proof would follow the admission, held that when no such evidence appeared

counsel should have renewed the objection on that ground, and added: "We have repeatedly held that counsel must make their objections in such a manner as to leave no doubt as to the precise ground upon which it is placed. We do not think that was done in the present case, and we do not think that we should be justified in reversing the judgment on this ground, especially as it is more than probable that 'Draft No. 9' had no effect on the result." In *People* v. *Mahoney, supra,* the converse of the proposition was involved.

A witness was asked his opinion as an expert. An objection was made that the evidence was "incompetent, *no foundation having been laid for it.*"

The witness was then shown to be an expert, and answered as such, and this court held that the competency of the answer as evidence could not be inquired into, under the objection as made.

An objection made to a power of attorney offered in evidence, that it is "irrelevant and incompetent," does not enable the objector to raise the question that the power only authorizes the sale of "lots unsold," and that there is no evidence that the lot in controversy is unsold.

As was said by the court, had the objection that there was no proof that the lot was unsold been specifically made, the plaintiff would have been afforded an opportunity to supply the necessary proof. (*Gardiner* v. *Schmaelzle,* 47 Cal. 588.)

A general objection to the introduction of a copy of a deed in evidence is not a sufficient predicate to urge that it is not the best evidence. (*Eversdon* v. *Mayhew,* 85 Cal. 1. See, also, *Satterlee* v. *Bliss,* 36 Cal. 507.)

Where a certified copy of a deed duly recorded was offered in evidence, and the objection was that it was not "duly certified and proved," it was held to be a waiver of the objection that the original was not produced or not shown to be under the control of the party offering the evidence. (*Mayo* v. *Mazeaux,* 38 Cal. 442.)

The consensus of opinion, as illustrated by these

cases and many others, is that where the proffered evidence is imperfect by the lack of preliminary proof, which may or may not be supplied by the party offering the evidence, the objector must specifically point out the defect by his objection, and if he fails to do so it is waived, and the general objections of " immaterial, inadmissible, irrelevant, and incompetent," made when the evidence is offered to the jury, are not sufficient to warrant an investigation on appeal of the insufficiency of such preliminary proof. " *Inclusio unius est exclusio alterius.*" It follows that the objection of appellant cannot be upheld.

The next error assigned relates to a ruling of the court excluding evidence on cross-examination of the witness, Robbins, as to what was said to the witness by the boss Chinaman at the wash-house when he, the witness, went to arrest the defendant.

It was not in explanation of anything called out on the direct examination, was not proper cross-examination, and as the declaration of a third party was not admissible, although made in the presence of the defendant. The cases cited by the appellant, viz: *People* v. *McCrea*, 32 Cal. 98; *People* v. *Estrado*, 49 Cal. 171; *People* v. *Ah Yute*, 53 Cal. 613; *People* v. *Ah Fook*, 64 Cal. 380, were cases where declarations of third persons made in the presence of defendants and their replies thereto, etc., as being tantamount to admissions by such defendants against their interest.

No such offer was made here, and if there had been the testimony would not be admissible in favor of defendant.

Defendant was a witness on his own behalf, and testified at length touching his whereabouts on the night of the shooting, and denied generally having been present at the scene of such shooting, and averred that he was at the wash-house all of that evening until arrested.

Upon cross-examination he said white people were there for clothing before the policeman came, but that he did not remember their names, as it was so common a thing.

He was then asked, as was stated, to lay the foundation for impeachment, if he had not tried to get a white man to say in court that he was there before the policeman came? and again, "Didn't you and the rest of your men make some tickets at the time, that night of the shooting, and give them to a white man, so that he could swear that he had left some clothes there that night?"

Objections were made to the questions by counsel for defendant upon the grounds "that it is incompetent, irrelevant, and immaterial, and not cross-examination, and if it is for the purpose of impeachment the proper foundation has not been laid."

The argument of appellant is that the questions were but insinuations tending to prejudice the jury against defendant, and were not proper in cross-examination, and had nothing to do with defendant's guilt. In response to the question defendant answered in the negative.

We see no evidence of bad faith on the part of the prosecution in putting the questions. If every question asked on behalf of the people, which looks to the guilt of a defendant, is to be excluded for that reason, it must end all prosecution. Had the question been answered in the affirmative it would have tended to shake the statement of defendant that he was present at the washhouse the entire evening of the shooting.

Objection is made by appellant to the refusal of the court to give the following instruction: "The jury are instructed that the argument of the district attorney, that the testimony of the Chinamen from the washhouse who testified to the alibi are not worth believing unless corroborated, is not law, and that the testimony of a Chinaman must receive the same consideration as that of a white man, all other things being equal."

The rule had already been enunciated by the court in better form and in unexceptionable language as follows:

"The court instructs the jury that testimony of Chinese witnesses is governed by the same rules as that of any witness, and the credibility of Chinese witnesses must

be determined by the jury in the same manner that they determine the credibility of any other class of witnesses."

Exceptions were also taken to the conduct of the district attorney in his address to the jury, where in commenting upon Chinese testimony he said in substance: 1. I do not think there is any doubt of the guilt of the defendant; and 2. In substance that the jury should disregard the testimony of all the Chinese witnesses in support of an alibi, as against the testimony of the white witnesses for the prosecution, and that the testimony of Chinese witnesses, unless corroborated by white witnesses, was insufficient to raise a reasonable doubt; and closing with: "But, gentlemen of the jury, you are the sole judges of the sufficiency of the evidence and the credibility of the witnesses."

I do not find from the record that an exception was taken at the trial to the remarks of the district attorney touching the testimony of Chinese witnesses, but, conceding that there was, it was but the expression of an opinion of the prosecuting officer, followed by a clear statement of the undoubted right of the jury to pass upon the question, and is not of sufficient importance to warrant a reversal.

The instructions of the court were full, clear, and quite favorable to the defendant.

The testimony on the part of the prosecution was full and explicit, and if believed by the jury fully warranted a verdict of guilty. No point is made upon the demurrer or the motion in arrest of judgment.

Upon the whole case as presented, we recommend that the judgment and orders appealed from be affirmed.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and orders appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.