[Crim. No. 285. Fourth Appellate District.—June 19, 1935.]

THE PEOPLE, Respondent, v. WILLIAM EDWARD KING, Appellant.

George A. Westover and W. R. Ives for Appellant.

U. S. Webb, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—On December 9, 1934, the defendant spent the early evening at El Cajon in company with three other young men, Taylor, Osborne and Smith. About 10 o'clock the four started for San Diego in the defendant's car which he drove. On the way the defendant told Smith that a certain doughnut shop would be "an easy place to take" as he had previously held it up. On arriving at this doughnut shop Smith went in and, threatening the proprietor with a pistol, took certain cash and other articles from the cash register while the other three waited in the defendant's automobile. After Smith returned to the car they drove rapidly to another point where Smith held up a liquor store while the others again waited. After the second holdup Smith gave the defendant a part of the cash taken, although it does not clearly appear from which place it came, and the party then visited various night clubs.

The defendant was charged with the crime of robbery under two counts, the first relating to the robbery of the doughnut shop and the second to the robbery of the liquor store. .He was convicted on the first count and has appealed from the judgment entered and from an order denying his motion for a new trial. It is earnestly contended that there is nothing in the record to connect the appellant with the offense in question since Smith testified at the trial that he went into the doughnut shop to purchase some doughnuts because he was hungry, that he conceived the idea of robbing the place after he entered the same, and that it was, therefore, impossible for the appellant to have known anything about it.

The first contention, that the evidence is not sufficient to sustain the verdict against the appellant, is largely based on the fact that Smith, while on the witness stand, assumed the entire responsibility for the holdup and attempted to exonerate the appellant. Smith's story as told on the witness stand was equivocal and almost unbelievable and did not agree with the story he had previously told to the officers. Although he testified that the appellant knew nothing of his intention to hold up the doughnut shop, he inadvertently involved him when he also testified that he had talked with him and that the appellant said he did not want to go into the doughnut shop because "he had held up that fellow once before". The only inference reasonably to be

drawn from the language used in this conversation is that the appellant knew that this place which he had held up "once before" was to be held up again. Smith also, and again inadvertently, admitted on the stand that he had previously told Officer Berg the story which Berg repeated to the appellant in the presence of Taylor, Osborne and Smith, as having been told him by Smith.

Officer Berg testified that on December 20, 1934, in the presence of the appellant, Taylor, Osborne and Smith, he told them that Smith had stated that on this trip into San Diego he had a conversation with the appellant in which the appellant said that this doughnut shop would be an easy place to take as he had held it up before; that he took a gun which Osborne gave him and went into the doughnut shop and held up the proprietor while the other boys waited around the corner; that he returned to the car; that they proceeded toward downtown San Diego, and when they arrived at the liquor store he called out "What about this? Stop!"; that he got out of the car and while the other boys waited he held up the liquor store, obtaining certain money; that as they went along he gave a part of the money to the appellant; and that they then visited certain night clubs. He then testified that after repeating this story to the four he asked the appellant what he had to say and the appellant replied, "I have nothing to say." He then asked him whether or not this story was true, to which the appellant replied, "I have nothing to say." During the same conversation the appellant was told that Osborne had told a story similar in all respects to that told by Smith. This conversation, in the presence of the four parties involved, was taken down by a police stenographer. The officer testified that Smith had told him this story, which Smith admitted on the stand, and the jury was justified in accepting it as the true version of what occurred and in not believing his testimony to the effect that the appellant knew nothing of his intention to rob the doughnut shop. This, with the obvious inference from his admission that the appellant had told him that he had robbed this doughnut shop "once before", with the undisputed evidence that the appellant was present, with the evidence as to the appellant's attitude at the time Smith's accusatory statement was repeated to him, and with the officer's testimony that the appellant refused to answer when directly

asked whether or not the story told by Smith which had been repeated to him was true, is sufficient evidence to connect the appellant with the crime in question and to sustain the judgment.

It is next urged that the court erred in admitting the accusatory statements into evidence. Not only were these statements properly admitted (*People* v. *Susoeff,* 129 Cal. App. 78 [18 Pac. (2d) 442]; *People* v. *Egan,* 133 Cal. App. 152 [23 Pac. (2d) 1042]; *People* v. *Bisbines,* 132 Cal. App. 239 [22 Pac. (2d) 762]), but the witness Smith admitted on the stand that he had made these statements to the officer, and they were also admissible for the purpose of showing that Smith had previously made statements conflicting with his testimony at the trial. The appellant asked for no instructions limiting the effect of this evidence and no complaint is made of the instructions which were given.

It is next urged that even if these accusatory statements were admissible they were made by accomplices, and that they are without corroboration. Not only did the silence of the appellant, when confronted with these statements, constitute evidence indicating an admission of guilt (*People* v. *Estrado,* 49 Cal. 171; *People* v. *Lapara,* 181 Cal. 66 [183 Pac. 545]), but there was other evidence that these four parties were together all of that evening, before and after the robbery in question, that they used the appellant's car and that they were seen together at various clubs. There was sufficient corroboration to meet the requirements of the rule referred to, especially in view of the appellant's attitude toward the accusation, which amounted to an admission under the circumstances.

A further consideration is that the appellant did not take the stand or deny any of the statements or other evidence produced against him. A reading of the entire record does not indicate any miscarriage of justice but, on the other hand, is most convincing as to his guilt.

The judgment and order appealed from are affirmed.

Marks, J., concurred.

Jennings, J., being absent, did not participate in this opinion.