[No. 5819.]

## KINGSBURY v. THE PEOPLE.

1. **Indictments and Informations — Objections to Form**—An objection to an information for a matter of form must be taken in the court of the first instance.—P. 404.

2. **Evidence—Order of Proof**—The admission in rebuttal of evidence properly admissible in chief is not an abuse of the discretion of the trial court, where the defendant is afforded opportunity to meet it.—P. 404.

3. **Instructions—Oral**—One who consents that the charge may be oral cannot assign this for error.—P. 404.

4. **Appeals—Abstracts**—Where the instructions are not set out in the abstract, the court will not consider error assigned thereon.—P. 405.

5. **Evidence — Admissions by Silence** — An accused person was shown by the prosecuting officer certain letters purporting to have been written by his former neighbors, in another state, contradicting his previous statements. He made no denial of what was contained in these letters. Held, that the letters were admissible as throwing light upon the conversation between the prosecutor and defendant, but not evidence of the truth of any statements contained in them.—P. 405.

*Error to Teller District Court.*
*Hon. Louis W. Cunningham, Judge.*

Mr. FRED L. SHAW, for plaintiff in error.

Mr. C. C. HAMLIN, district attorney, and Mr. HENRY TROWBRIDGE, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The information under which defendant was tried and convicted was drawn under a statute published in the Session Laws of 1891, page 128, § 1321, 3 Mills' Ann. Stats., and charges that defendant, being her brother, lewdly and lasciviously cohabited with one Mae Kingsbury, and did commit fornication with her, she being his own sister by the whole blood.

1. The first ground urged for reversal is that the information charges two separate and distinct offenses, and therefore is subject to the vice of duplicity. The statute says that persons within the degrees of consanguinity within which marriages are declared by the laws of this state to be incestuous or void, who shall do this, or this or that, shall be liable to indictment and, upon conviction, to a certain penalty. The statute seems to be like those referred to in 1 Bish. N. Crim. Proc., § 436, concerning which the learned author says that the indictment thereon may allege in a single count that defendant did as many of such things as the pleader chooses, employing the conjunction "and" where the statute has "or," and it will not be double. But if this were not true and the information was double, the defendant may waive the objection, as he has done in this case, because no motion or other objection to the information upon this ground was made below, and it is raised for the first time upon this review.—1 Bish. N. Crim. Proc., § 442.

2. The point that the court permitted a witness for the people on rebuttal to testify to an admission by defendant of his guilt, is not good. The order of proof rests largely in the discretion of the trial court, and its acts in that respect will not be disturbed except in case of abuse. There was no abuse of discretion in this case. Defendant had full opportunity to meet this testimony, but failed to do so. There was other and sufficient evidence of the *corpus delicti*.

3. That the court instructed the jury orally is not available to defendant as a ground for reversal. He gave his consent thereto. The further point that the instructions were not afterwards reduced to writing and given to the jury is not borne out by the record.

4. As the instructions are not set out in the abstract, we will not pass upon the objection which defendant makes to one of them.

5. The only important question arises out of the admission in evidence by the trial court of certain letters produced by the prosecution. To a full understanding of the objection to their reception it should be said that before the trial defendant made certain statements to the deputy district attorney concerning the charge against him, which in his presence were reduced to writing and afterwards signed by him. In this statement, which was in evidence on the trial—and no objection to its admission is urged upon this review—defendant stated that Mae Kingsbury was not his sister, but was a daughter of his step-father before the latter's marriage to defendant's mother; and he further stated that he had not been in the state of Iowa for several years before April, 1904. The deputy at the time was in possession of several letters written by former neighbors of defendant, who lived in Iowa, in which they stated that defendant and Mae Kingsbury were brother and sister, and that he had been in the state of Iowa for some time immediately before the day mentioned. These letters were then shown to defendant and he was asked if, in view of the statements therein contained, he still insisted that Mae Kingsbury was not his sister. Whereupon, and with an opportunity to reply and explain, he did not make any denial of the statements in the letters, but evasively replied, ''You wait and see. My people are Mormons and you don't understand about this.'' We think the admission of these letters was within the rule laid down in 1 Greenl. Ev. § 215. The statements therein contained were damaging to defendant and inconsistent with his written statement to the prosecuting officer. It was for the jury to determine whether or not the

answer he made when the contents of these letters were made known to him was such as an honest man should make. The court expressly instructed the jury that the letters themselves prove nothing as to the truth of the statements therein contained, and they were told to disregard them in so far as they purported to state facts, and that they should be considered only for the purpose of throwing light upon the conversation between defendant and the prosecuting officer and the answer which the defendant made at the time. Cases quite in point in support of the ruling of the trial court are, *Kelley v. People, etc.*, 55 N. Y. 565, 571; *People v. Ah Yute*, 54 Cal. 89; *Watt v. People*, 126 Ill. 9; *People v. Lewis*, 16 N. Y. S. 881, affirmed in 62 Hun. 622.

There is no merit in any of the assignments. The evidence is legally sufficient to uphold the verdict. The judgment is therefore affirmed.

*Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.