[No. 10,381.]
## PEOPLE *v.* AH YUTE.

[*Note.*—This case was decided by the former Court, and afterward a rehearing granted. The former decision is reported, 53 Cal. 613.]

EVIDENCE—ADMISSIONS—HEARSAY.—Statements of third persons, made in presence of the defendant, are admissible against him only to the extent they are admitted by him to be correct, either by his words or conduct; and the conduct of the defendant is the gist of the inquiry, and the only matter to be considered by the jury. Such statements are, therefore, inadmissible, unless accompanied with proof of defendant's statements or conduct in response thereto.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, upon an indictment for murder, in the Fifteenth District Court, City and County of San Francisco. DWINELLE, J.

The facts are stated in the opinion.

*Thomas V. O'Brien,* and *L. H. Van Schaick,* for Appellant.

*Attorney-General Jo Hamilton,* for Respondent.

In bank, Ross, J.:

Houghtaling, the police officer, who arrested the defendant, took him, on the day of the homicide, to the place where the body of the deceased was lying, and where they met Ah Heong, a Chinese woman, and he (Houghtaling) was asked by the prosecution what she said in the presence of the defendant. Defendant objected to the question, on the ground that it was incompetent, and sought to elicit hearsay testimony. The objection being overruled, the witness answered : " She said, this (the defendant) is the man who shot and killed him."

The prosecution did not show, or attempt to show, the conduct of the defendant when thus accused, and thereupon counsel for the defendant moved the Court to strike out the answer of the witness, upon the grounds stated in the objection to the question. The motion was denied, and the defendant reserved an exception.

After the interview above alluded to, the defendant was placed in jail, and the officer then took a Chinese woman and four Chinamen, together with a Chinese interpreter, to the jail, "for the purpose of identifying the defendant as the man who did the killing"; and the prosecution, under objection and exception on the part of the defendant, was permitted to prove by the officer that he first took the Chinese woman in to see the defendant, and that "she went up to him and identified him." The woman testified that in response to this, the defendant said to her, "Mother, I hope you won't prosecute me"; and the interpreter testified that defendant said to the woman, "Mamma, do n't say it was I killed him."

The officer, under like objection and exception, was further permitted to testify, that, after this interview with the woman, he took the four Chinamen in to see the defendant, and told them, through the interpreter, to go and put their hands on the man, if they knew him, who did the shooting; and that three of the four identified the defendant, and went up and put their hands on him. In response to a question by the Court as to whether the defendant said anything at that time, the officer answered: "Whatever he said, he said in very low tone; he told me once it was not him that done it; but mostly all of his conversation to the Chinamen was in Chinese, which I do not understand."

The prosecution did not prove or attempt to prove what it was that the defendant said when thus accused by the Chinamen, and counsel for the defendant thereupon moved the Court to strike out the testimony of the officer as to the identification of defendant by the Chinamen, on the ground that it was hearsay and incompetent; which motion the Court denied, and the defendant excepted.

The testimony of the officer as to the statements of the woman, made in defendant's presence, where the body of the deceased was lying, and his testimony as to the identification of defendant by the three Chinamen in the jail, standing as it does without any proof whatever as to the conduct of the defendant in response to those accusations, is, we think, clearly hearsay and inadmissible. There is nothing in *People* v. *McCrea,* 32 Cal. 98, or in *People* v. *Estrada,* 49 Id. 171, nor in any of the cases

there referred to, in conflict with this view. In all of those cases the prosecution was allowed to prove statements of third parties made in the presence of the defendant, *together with defendant's statements and conduct in response thereto.* The conduct of the defendant is the gist of the inquiry, and is the only matter to be considered and weighed by the jury. The statements of third persons are admitted only as preliminary to the inquiry, and for the purpose of showing his conduct. Thus, in *People* v. *Estrada, supra,* it is said: " The statement of Cotta was not offered to prove of itself the circumstances narrated by him. It was evidence against the defendant *only to the extent it was admitted by the defendant to be correct,* his acquiescence being indicated by his express assent, by his silence, or by acts or by conduct on his part which could be fairly construed as an assent." (See also, Roscoe's Criminal Ev. p. 52; 1 Greenleaf's Ev. §§ 197, 215; Joy on Confession, 77.)

In the case at bar, the prosecution, as we have seen, was permitted to introduce statements of third persons, made in defendant's presence, to the effect that he was the .guilty party, and there to stop—without any proof whatever of the only matter that could properly be considered by the jury, namely, the conduct of defendant when so accused. Such testimony was purely hearsay, and should have been stricken out on defendant's motion.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.

THORNTON, P. J., MORRISON, C. J., SHARPSTEIN, J., MYRICK, J., and McKINSTRY J., concurred.