[Crim. No. 742. In Bank. — November 21, 1901.]

## THE PEOPLE, Respondent, v. JOSEPH TESHARA, Appellant.

CRIMINAL LAW — MURDER — CHALLENGE TO JURY PANEL — BIAS OF ELISOR — TEST — EVIDENCE — ERRONEOUS RULINGS. — Upon a challenge to the panel of trial jurors by a defendant charged with murder, for the bias of an elisor appointed by the court to summon talesmen to complete the panel, the test of such bias is the same as that of a talesman. Upon the trial of the challenge, it is error to limit the defendant to mere general questions as to whether the elisor had formed or expressed an opinion or had a bias, and to refuse him the right to ask whether he remembered that the dying statement of the deceased accused the defendant, and whether he believed that the deceased had been murdered, and that the defendant was in the saloon of the deceased shortly before the killing, and as to what witnesses he had heard upon the trial of another defendant accused of the same murder, and whether from what he had heard he would make a fair juror, etc.

ID. — ACCUSATION BY DECEASED IN PRESENCE OF DEFENDANT — DENIAL BY DEFENDANT — HEARSAY. — The statement of the deceased, not made as a dying declaration, but made in the presence of the defendant and another person brought before him, in which he accused them of the shooting, which the defendant denied, is inadmissible hearsay, as against the defendant.

ID. — ACCUSATION, WHEN AND WHEN NOT ADMISSIBLE — EXPLANATION OF CONDUCT — ADMISSION. — In such a case, it is not the accusation merely, but the conduct of the deceased thereunder, as indicating an admission that is evidence, and the only reason for admitting the accusation is to explain the conduct. The accusation is not admissible, where it appears that there was no admission of its truth, either expressly or tacitly, but an express denial thereof.

ID. — REASONABLE DOUBT — IMPROPER MODIFICATION OF REQUESTED INSTRUCTION. — An instruction which is a clearer and more logical statement of the law of reasonable doubt as proposed, than after the modification thereof by the court, if allowed, and not refused as being embodied in the charge, should be given as requested.

APPEAL from a judgment of the Superior Court of Santa Cruz County and from an order denying a new trial. Lucas F. Smith, Judge.

The main facts are stated in the opinion of the court in the case of *People v. Amaya, ante,* p. 531. Further facts are stated in the opinion of the court in the present cause.

Carl E. Lindsay, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

BEATTY, C. J.—This is a companion case to that of Manuel Amaya, just decided, *ante*, p. 531. A few days after the conviction of Amaya, this defendant was tried upon a separate information, accusing him of the murder of Loucks, and he was found guilty of murder in the second degree. His appeal, also, is from the judgment and from an order denying a new trial. In many respects the points made in support of the two appeals are the same, and what has been said in Amaya's case need not be repeated here; but Teshara has some exceptions, not covered by the decision in that case, which we will proceed to consider.

1. In this case, as in the other, it became necessary to summon talesmen in order to complete the jury, and the sheriff and coroner both being disqualified by bias, the special *venire* was issued to one F. K. Roberts, who had served as elisor in Amaya's case. Upon his return of the *venire*, a challenge to the panel was interposed by the defendant, upon the ground of bias of the elisor; and in support of the challenge it was shown that he had been present in court, off and on, during the trial of Amaya's case, and all the time during the last two days of the trial; that he then heard read in evidence the dying declaration of Loucks, and the testimony of Patrick Morrissey,— the most direct and important evidence against Teshara; but, in response to questions by the district attorney, he stated that he had neither formed nor expressed an opinion as to the guilt or innocence of the defendant; that he had no bias against him, and that if he were a juror in the case he could try it fairly, according to the law and the evidence. Upon this showing, the challenge to the panel was overruled; and if the question was merely whether the ruling was sustained by the evidence, it could not be said, as matter of law, that there was no evidence to support it; but there is a very different question raised by the defendant's exceptions to a number of rulings of the court excluding evidence offered in support of the challenge. Many of the questions addressed to the elisor by counsel for defendant, to which objections by the people were sustained, called for evidence clearly relevant to the question of bias, and

the rulings thereon are the subject of exceptions expressly enumerated in the statute. (Pen. Code, sec. 1170, subd. 3.) Among other things, the elisor was asked whether he remembered that Loucks, in his dying statement, accused Teshara; whether he believed that Loucks had been murdered; whether he believed that defendant was in the saloon shortly before the killing; what other witnesses he had heard testify at the trial of Amaya; whether, from what he had heard, he thought he would make a fair juror, etc. If the elisor had been under examination touching his qualifications as a juror in the case, every one of these questions would have been plainly relevant to the question of bias, and the same test in the matter of bias applies to an elisor and a talesman. (Pen. Code, sec. 1064.) The defendant was entitled to a panel of jurors summoned by an impartial elisor, and he had a right to show, if he could, by any competent and relevant evidence, that his challenge should be allowed. To make out his case, he was not limited, as seems to have been held, to such general questions as, "Have you formed or expressed an opinion?" or "Have you a bias?" It was the judgment of the court upon the fact of bias—not the opinion of the elisor—that the defendant had the right to invoke, and as a basis for that judgment the facts called for by the above-quoted questions were material and important.

2. The court also erred in refusing to strike out the evidence of Patton and Mullen as to the accusation made by Loucks, when Amaya and defendant were brought to his bedside. The statement made by Loucks at that time was hearsay, and Teshara made no admission of its truth, either expressly or tacitly. He expressly denied it. The court and the district attorney seem to have lost sight of the fact that it is not the accusation, but the conduct of the accused, that is evidence in such cases, and that the only reason for admitting the accusation is to explain the conduct. The district attorney should not have offered this evidence, knowing, as he did, that Teshara had not remained silent under the accusation, but had repelled it at the time it was made. It was, moreover, entirely superfluous, because it was substantially repeated in the dying declaration of Loucks, which was not hearsay, or, at least, not incompetent evidence.

3. The evidence of John Frejola was wholly irrelevant, and should have been stricken out, but the error in admitting it was probably harmless.

4. It seems to be conceded by the attorney-general that it was misconduct on the part of the district attorney to persist in commenting upon the failure of the defendant to testify in respect to certain matters, but he contends that no proper objections or exceptions were taken at the time, and that the matter is not the subject of review, for that reason. We think the objections were sufficient to have called for earlier interference on the part of the court, but it is unnecessary to decide this question, since the judgment must be reversed upon other grounds, and it may be hoped that at the next trial the zeal of the district attorney will not lead to a similar transgression.

5. Instruction 23, as requested by defendant, might perhaps have been properly refused upon the ground that it was substantially embraced in other instructions on the subject of reasonable doubt, but if allowed, should have been given as requested. It was a clearer and more logical statement of the law as proposed, than it was after the modification made by the court.

The judgment and order appealed from are reversed and the cause remanded.

McFarland, J., Temple, J., and Van Dyke, J., concurred.
CXXXIV. Cal.—35