[Crim. No. 947. Department One.—February 25, 1903.]

THE PEOPLE, Respondent, v. JAMES PHILBON, Appellant.

CRIMINAL LAW—APPEAL—MISCONDUCT OF DISTRICT ATTORNEY—INSUFFICIENT RECORD.—A bill of exceptions showing that certain affidavits as to improper statements made by the district attorney to the jury were filed, but failing to show that they were read or called to the attention of the court, and which does not set forth the use of the alleged improper language, or any finding as to whether such language was used, is insufficient, and the affidavits cannot be considered.

ID.—PROPER STATEMENT—DENIAL OF PROOF.—Where no proof had been given upon the trial that the defendant possessed a family, it was proper for the district attorney to state, in response to assertions of defendant's counsel as to his family, that there was no proof on that subject.

ID.—EVIDENCE—DECLARATIONS MADE IN PRESENCE OF ACCUSED—CONDUCT OF DEFENDANT.—The general rule that the statements of persons not witnesses are not admissible, merely because they were made in the presence of the accused, does not preclude the admission of such declarations solely for the purpose of explaining the conduct of the defendant and statements made by him in reply thereto.

ID.—CONDUCT OF JURY.—There is no error or misconduct on the part of the jury in that, after deliberating for hours, they requested an instruction from the court, and after receiving it immediately agreed upon a verdict of guilty.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William P. Lawlor, Judge.

The facts are stated in the opinion.

H. Digby Johnston, for Appellant.

U. S. Webb, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

COOPER, C.—The defendant was charged in the information with the crime of grand larceny, in having feloniously stolen and carried away, from the person of one Mrs. Glover, a purse and $20.80 contained therein. He was also charged

therein with a prior conviction of grand larceny on the twenty-fifth day of October, 1887, under the name of James Roberts. He admitted the prior conviction of grand larceny, but pleaded not guilty of the offense charged in the information. He was, after trial, duly convicted of the offense charged, and thereupon sentenced to a term of twelve years in San Quentin. He made a motion for a new trial, which was denied, and this appeal is from the judgment and order denying the motion. It is not claimed that the evidence is insufficient to sustain the verdict; nor is there any alleged error as to the giving or refusing instructions. Certain alleged errors are argued, which we will notice in the order set forth in appellant's brief.

1. It is claimed that the district attorney, during his argument to the jury, said: "There has been allusion to defendant's children and aged mother, children and mother that are non-existent, for, gentlemen, he has no children and he has no mother," and that such remark was prejudicial error. The only evidence we have that such remark was made appears in the affidavits of defendant's counsel and of the assistant district attorney. The bill of exceptions shows that such affidavits were filed, but fails to even show that they were read or in any way called to the attention of the court. The bill of exceptions does not set forth the use of any such language, nor does it show any finding as to whether or not such language was used. The affidavits cannot be considered. (*People* v. *McMahon*, 124 Cal. 435; *People* v. *Mahoney*, 77 Cal. 532.) In the bill of exceptions appears a colloquy between the defendant's attorney, the court, and the district attorney concerning the remarks, and the judge finally said: "The statement of Mr. Black just made is, that he denies that there is any proof here that there were children. Counsel for defendant, in his argument to the jury, assumed that the defendant had children. Mr. Black's reference to the claim is in the nature of a denial that the existence of any children of the defendant had been proven here." The district attorney then said in the presence of the jury: "I don't want the jury to understand that I am stating as a fact, of my own personal knowledge, anything contrary to what the record discloses; but I do state here that, from this testimony and in the absence of any affirmative proof on that point, that we have

a right to draw the inference that there are no children belonging to that man or in existence. That is the position I take.''

It does not appear that the above was any more than a reply to the claim made by the defendant's counsel that the defendant had children dependent upon him. Such question was not material and had no bearing on the case; but if counsel for defendant saw fit to appeal to the jury in behalf of defendant's children, the district attorney certainly had the right to say that the record failed to show that he had any children. The point is not worthy of further discussion.

. 2. It is claimed that the court erred in allowing the witness Mrs. Lewis to testify to some remarks made by an old gentleman who was in the car at the time defendant took the purse. The remarks were made in the presence of defendant; and the court, in ruling upon the objection, said that the conversation would be admitted as having been in the presence and hearing of defendant, and for the sole purpose of showing his conduct on the occasion. The witness testified: ''The old man said: 'Don't you let him go, because I saw him take your purse.' He said: 'I did not take it. I saw you drop it, and I picked it up and went after you.' And the old gentleman said: 'No, I saw him take it; don't let him go.' He said he did not.'' The evidence was admitted, as stated by the court, for the purpose of showing the conduct of defendant and his reply to the statements made by the old gentleman. In his answer the defendant admitted picking up the purse and attempted to explain its possession. No motion was made to strike out any of the conversation, and it must be presumed that it was considered only for the purposes stated by the court. It is undoubtedly the rule in this state that statements of persons not called as witnesses are not admissible in evidence, simply because made in the presence and hearing of the accused person. It is only when there is something in the conduct of the accused person, in response to the statement that is material to the issue, that the statements of such persons are admissible at all, and they are admissible then solely for the purpose of explaining the conduct of the accused. (*People* v. *Teshara,* 134 Cal. 542, 544.) Where, in response to an accusation of crime, the accused remains mute under such circumstances that he was

free to speak or ought to speak, the fact that he remained mute would be material and justify the evidence (*People* v. *Amaya,* 134 Cal. 531) ; or if, under such circumstances, he made incriminating statements or admissions, the evidence would be admissible. The record here shows a statement by the accused in answer to the accusation that justified the admission of the evidence for the purpose of explaining the conduct of the accused, and apparently was limited by the court to that purpose.

3. It is said by appellant's counsel that the conduct of the jury was erroneous. The "conduct" as stated is, that, after the jury had been deliberating several hours, they came in and asked for further instructions as to a point of law; that the court correctly instructed them, and they again retired; that almost immediately they returned into the court with a verdict of guilty. We suppose the conduct of the jury in finding defendant guilty, instead of finding a verdict of not guilty, is really the serious objection. No misconduct is pointed out, and the conduct appears proper under the circumstances.

The judgment and order should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

                            Angellotti, J., Shaw, J., Van Dyke, J.