[Crim. No. 1025. Department One.—November 21, 1903.]

## THE PEOPLE, Respondent, v. CHARLES L. COLE, Appellant.

CRIMINAL LAW—GRAND LARCENY—THEFT OF CARPETS—EVIDENCE— FALSEHOOD OF DEFENDANT—CONSCIOUSNESS OF GUILT.—Upon a prosecution for grand larceny, in stealing carpets belonging to a furniture company, where it is proved that defendant, while acting as shipping clerk for the company, delivered the carpets to one B. at the back door of the store, at six o'clock in the morning, evidence is admissible to show that soon after the company discovered the loss of the carpets the defendant, when confronted with B., who recited the facts, denied the delivery of the carpets to B., and declared that he did not know B. Deception, falsehood, and fabrication as to the facts of the case are admissible on the same theory as flight and concealment of the person charged with crime, as tending to show consciousness of guilt and criminal intent.

ID.—GENERAL OBJECTION TO QUESTION—REASONS FOR ARREST—MATTER OF HEARSAY AND ARGUMENT—WAIVER OF SPECIFIC OBJECTION—APPEAL.—A general objection to a question asked from a representative of the furniture company as to his reasons for arresting the defendant, on the ground that it was irrelevant, incompetent, and hearsay, was properly overruled, as it could not be anticipated that the answer would contain objectionable matter, and where matter of knowledge was stated and also matter of hearsay, and argumenta-

tive statements mingled with declarations as to his suspicions, which were given without further specific objection, or any motion made to strike out the objectionable matter, objection thereto is waived, and cannot be urged upon appeal for the first time.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. F. H. Dunne, Judge.

The facts are stated in the opinion.

J. J. Guilfoyle, Jr., and Robert Ferral, for Appellant.

U. S. Webb, Attorney-General, and Lewis F. Byington, District-Attorney, for Respondent.

GRAY, C.—Defendant was convicted of grand larceny, and appeals from the judgment and order denying him a new trial.

1. The defendant was in the employ of the Indianapolis Furniture Company's store, in the city of San Francisco, in the capacity of assistant shipping clerk, and occasionally made sales for his employer. The evidence introduced by the prosecution tended to show that on the morning of March 19, 1901, at about half-past six o'clock, the defendant at the back door of said store delivered to one Burke ten rolls of carpet belonging to the Indianapolis Furniture Company, of the value of about three hundred and fifty dollars. In addition to this evidence, the prosecution, against the objection of defendant, was permitted to show that soon after the discovery of the loss of the property the defendant, on being confronted with Burke, and in response to a recital to him by said Burke of the facts showing the removal and delivery of the carpets to said Burke, denied the fact of delivery, and declared that he did not know Burke. This denial of defendant we think was competent and proper evidence to go to the jury for what it was worth. If the jury believed that defendant delivered the property, as disclosed by the testimony of some three witnesses, then the fact that defendant denied the delivery was a circumstance tending to show that the delivery was not made innocently in his capacity as a salesman, but with intent to steal the property. If he had deliv-

ered the property innocently, the most natural thing for him to have done was to tell the truth about it. If he intended to steal it, the most natural thing for him to do when questioned about it was to lie concerning it. Deception, falsehood, and fabrication as to the facts of the case are treated as tending to show consciousness of guilt, and are admissible on the same theory as flight and concealment of the person when charged with crime. In *People* v. *Arnold,* 43 Mich. 303,[1] Judge Cooley, speaking for the court, says: "It was never doubted that the conduct of a suspected party when charged with a crime may be put in evidence against him when it is such as an innocent man would not be likely to resort to. Thus, it may be shown that he made false statements for the purpose of misleading or warding off suspicion; though these are by no means conclusive of guilt, they may strengthen the inference arising from other facts, ... so it may be shown that the accused fled to escape arrest, or broke jail or attempted to do so, or offered a bribe for his liberty to his keeper. These are familiar cases, and rest in sound reason. But the case of deliberate fabrication of evidence or of attempt in that direction would seem to be still plainer." (*People* v. *Philbon,* 138 Cal. 530.)

There is nothing in *People* v. *Teshara,* 134 Cal. 542, out of harmony with this rule of evidence. In that case this rule is not discussed or even referred to, and the case is entirely dissimilar to the one before us. That was a murder case in which, under the circumstances developed therein, if the killing by defendant could be shown, his guilt would be presumptively established, and the burden would then be upon him to show circumstances in mitigation or excuse. But in this case to show that defendant took the goods and caused them to be carried away raised no presumption of his guilt, because of the further fact that it was within the lines of his employment to do that very thing, and the burden was cast upon the prosecution to show by evidence that the carpets were removed not in the course of his employment, but with intent to steal, and for him to deny that he moved the goods when in fact he did move them would tend to show that criminal intent necessary to establish guilt.

[1] 38 Am. Rep. 182.

2. On cross-examination of Hamilton Page he was asked if he did not have defendant arrested "because of information that Ryan gave," to which he replied, "Well, principally," and further stated that he knew nothing of his own knowledge against defendant. He was then asked by the prosecution: "Just state why you had him arrested." This was objected to by defendant as irrelevant, incompetent, and hearsay. The objection was overruled and exception taken. The witness then began his answer with, "My carpet-man came to me and told me there was something wrong in the carpet department." This was followed with a statement of how he reached the conclusion that somebody in his employ who had as much intelligence as he had about the stock had been systematically stealing carpets from the house; that at first he did n't know whom to suspect, but that he subsequently learned that Cole had a key to the house, and that he then suspected that Cole, having the key and the intelligence, was the man who stole the carpets. The witness went on to relate other facts that had come to his knowledge, all pointing the finger of suspicion at Cole. In the answer of the witness to the question objected to, he stated facts which were clearly hearsay, tending to justify the suspicion declared as well as the arrest of the defendant. At the time the court ruled on the question, however, it could not have been anticipated that the witness would state matters of hearsay, or would make an argumentative statement intermingled with declarations as to his suspicions. Also, it must have taken considerable time for the witness to have thus delivered himself. It does not appear, however, that defendant's attorney interrupted him with any new objections or motion to strike out any portion of his statement. Nor was any such motion made at the conclusion of the answer. The question was asked, no doubt, to bring out a full reply to the question just previously asked by the defendant's attorney as to the reason why the witness had the defendant arrested. He might with propriety have answered that he caused the defendant to be arrested because the latter had denied in the presence of the former all knowledge of Burke; and this, no doubt, was the answer the attorney for the prosecution expected to elicit by the question. This must be so, because

the previous testimony of the witness given on direct examination was to the effect that immediately upon this denial of defendant he (witness) had said to Ryan: "There is nothing to do but to take hold of the prisoner." The attorney asking the question objected to must have had in mind this previous testimony of ·the witness and desired to call attention to it as the real reason, or at least as an additional reason, influencing the witness in ordering the arrest. There was nothing improper in this attempt to thus call to the attention of the jury, as an additional valid reason for the arrest, a matter which did not involve any hearsay statement. And if nothing but the answer thus apparently sought had been elicited, we think no complaint would here be made. On a proper motion all the hearsay and argumentative matter might have been eliminated from the answer now complained of; and we doubt not that it would have been so eliminated had the necessary motion been made. If the defendant did not desire to have the answer stand as it was given he should have made some such motion, and thereby particularly invoked the ruling of the court as to the objectionable matters. (*O'Calligan* v. *Bode,* 84 Cal. 489.) He will not be permitted to remain silent in the court below and object here for the first time. As the record stands, there is really no ruling of the court that can be called erroneous.

We advise that the judgment and order be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Angellotti, J., Shaw, J., Van Dyke, J.

Hearing in Bank denied.