[Crim. No. 10. Second Appellate District.—August 15, 1905.]

THE PEOPLE, Respondent, v. BEN F. TURNER, Appellant.

CRIMINAL LAW—EVIDENCE—IMPEACHMENT OF WITNESS.—The impeachment of a witness by showing that he has made statements in conflict with his present testimony cannot be met by the party calling such witness with evidence that at other and different times the impeached witness has made statements in harmony with his present testimony; and to permit the introduction of such testimony is prejudicial to the party against whom it is received. Particularly is this the rule where there is nothing to show that the witness did not have the same motive or interest to deceive when he made the confirmatory statement that he may have had when he testified to the fact.

ID.—HEARSAY.—In a prosecution for larceny a witness cannot testify to a conversation had with a third person, the effect of which was to convey the impression that such third person had told the witness that the defendant was one of the parties engaged in the stealing. Such testimony is hearsay.

ID.—ACCUSATION IN PRESENCE OF DEFENDANT.—In such prosecution evidence of a statement made by the prosecuting witness in the presence of the defendant, that the defendant was one of the persons concerned in the stealing, is inadmissible if the defendant at the time denied the charge.

APPEAL from a judgment of the Superior Court of Kern County and from an order refusing a new trial. Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

Emmons & Irwin, for Appellant.

U. S. Webb, Attorney-General, C. N. Post, Assistant Attorney-General, and J. W. P. Laird, District Attorney, for Respondent.

GRAY, P. J.—The defendant stands convicted of the larceny of fifty dollars from the person of one Smith. The evidence tended to disclose something very much in the nature of a highway robbery. The defendant appeals from the judgment, and from an order denying him a new trial, and

his principal contention is, that the court erred in permitting
the prosecution to prove certain hearsay statements identify-
ing defendant as having taken part in the larceny charged.
The question arises this way: The conviction of defendant
depends almost altogether upon the testimony of the com-
plaining witness Smith, he being the only witness who identi-
fied the defendant as assisting in the robbery. To impeach
and weaken the force of Smith's testimony in this regard,
the defendant called the city marshal of Bakersfield, Ed Tib-
bet, who testified that about two hours after the alleged lar-
ceny Smith had, in substance, declared that he could not
identify any of the parties that robbed him. The defense
also called a brother of Ed, Bert Tibbet, who testified that in
the evening of the same day of the robbery, or larceny, Smith
had expressed himself as unable to identify the defendant as
being concerned in the robbery. Smith had been intimately
acquainted with the defendant for a long time before the
robbery. Thereafter, the prosecution was permitted to show
on the cross-examination of Bert Tibbet, and by the testimony
of James McKamy, a constable, that on the day following
the larceny, the complaining witness did state, in their pres-
ence, that the defendant was one of the parties who robbed
him. The prosecution was also permitted to show by the
testimony of McKamy that Smith subsequently stated, in the
presence of defendant and to him, that he (the defendant)
was one of the persons concerned in the robbery, and that
defendant denied it and also denied having been with Smith
at the Palace dance hall in the neighborhood of three or four
o'clock, just previous to the alleged larceny.

In the foregoing we think the court erred to the prejudice
of the defendant. The impeachment of a witness by showing
that he has made statements in conflict with his present testi-
mony cannot be met by the party calling such witness with
evidence that at other and different times the impeached wit-
ness has made statements in harmony with his present testi-
mony, and to permit the introduction of testimony of this
latter character is prejudicial to the party against whom it
is received. (*Mason* v. *Vestal*, 88 Cal. 396, [22 Am. St. Rep.
310, 26 Pac. 213].) Particularly is this the rule where, as
here, there is nothing to show that the witness did not have
the same motive or interest to deceive when he made the con-

firmatory statement that he may have had when he testified
to the fact.    (*People* v. *Rodley*, 131 Cal. 254, [63 Pac. 351] ;
*Mason* v. *Vestal*, 88 Cal. 396, [22 Am. St. Rep. 310, 26 Pac.
213].)

We are of opinion also that it was error to permit the city
marshal to testify to any information that he had received
from conversation with the barkeeper, Silva, as to "who one
of the parties were that had robbed the complaining wit-
ness." The answers of the city marshal to the questions
asked him by the district attorney were well calculated to
leave the impression that Silva had told the marshal that the
defendant was one of the parties engaged in the robbery.  Of
course, this was hearsay and prejudicial to the defendant.

We are also of opinion that the testimony of McKamy to
the effect that Smith, soon after the arrest of defendant,
stated that "he was one of them, he was the fellow," in the
presence of and to the defendant, should have been excluded.
The defendant denied this charge of Smith at once.  It is not
the declaration made in the presence of a defendant that can
be taken as evidence against him; it is only his conduct in
connection with the declaration that can be looked to for evi-
dence of guilt, and if he flatly denies the charge there can be
no evidence in this of guilt, and therefore the whole matter
should be excluded, lest the jury may infer from its being
admitted that they are warranted in treating it as evidence
against the defendant.   (*People* v. *Teshara*, 134 Cal. 544, [66
Pac. 798] ; *People* v. *Philbon*, 138 Cal. 530, [71 Pac. 650].)
Of course, where the act constituting the crime is clearly
shown and the only question is as to whether the act was done
with a criminal intent, the fact that the defendant denies
the commission of the alleged criminal act may tend to show
criminal intent and consciousness of crime.   (*People* v. *Cole*,
141 Cal. 88, [74 Pac. 547].)   Indeed, even where the defend-
ant flatly denies the criminal act, yet if he goes on to make
exculpatory statements, for instance, as to his whereabouts at
the time, and these statements can be shown to be false, then
the statements. together with their falsity, may be shown on
the theory that falsehood in the matter is an indication of
conscious guilt.   In such a case, it is the falsehood only that
tells against the defendant.

The district attorney seems to have insisted on the introduction of all the foregoing testimony upon some theory that all these statements having been made by Smith in the presence of the witness Bert Tibbet, they in some way tended to discredit his testimony as to what he claimed to have heard the complaining witness say on the day of the larceny or robbery. But, as we read the record, all these declarations of Smith to the effect that the defendant assisted in the robbery were made on the day he was arrested, being the day after the robbery, and do not tend to contradict or discredit the testimony of Bert Tibbet as to Smith's statements made on the day that he was robbed.

The judgment and order are reversed and the cause remanded for a new trial.

Allen, J., and Smith, J., concurred.