[Crim. No. 321. First Appellate District.—July 19, 1911.]

THE PEOPLE, Respondent, v. CHESTER AYHENS, Appellant.

CRIMINAL LAW — BURGLARY—JOINT CHARGE — SEPARATE TRIALS—EVIDENCE AGAINST CODEFENDANT—PROOF OF CORPUS DELICTI—PREMISES BURGLARIZED.—Where persons jointly charged with burglary were separately tried, evidence was admissible upon the separate trial of this defendant that the separately tried codefendant was found in the possession of goods stolen from the premises burglarized, to show the *corpus delicti*, in that the premises described had been burglarized, though it may not be competent evidence that this defendant had committed the offense charged.

ID.—EVIDENCE—CONVERSATION OF ARRESTING OFFICER WITH CODEFENDANT—ABSENCE OF DEFENDANT—FAILURE TO OBJECT—REVIEW UPON APPEAL.—The admission in evidence of a conversation had between the arresting officer and the codefendant, without the presence of

the defendant on trial, who failed to urge any objection thereto at the trial, cannot be reviewed or considered as erroneous upon appeal.

ID.—HEARSAY EVIDENCE — PREJUDICIAL ERROR — CONVERSATION AFTER ARREST IN PRESENCE OF POLICE OFFICER—ACCUSATION BY CODEFENDANT—DENIAL.—The testimony of a police officer that, several days after the arrest of the codefendant, the defendant was arrested, and that subsequently in his presence and in the presence of both parties, the codefendant charged the defendant with the commission of the crime, and that defendant denied the accusation, and in response to questions put by the officer explained how he happened subsequently to meet the codefendant, was inadmissible hearsay, and the refusal of the court to strike it out as such was prejudicial error.

ID.—DECLARATIONS OF CO-CONSPIRATOR INADMISSIBLE AFTER ARREST.— Such declarations cannot be justified as that of a co-conspirator after arrest and termination of any possible conspiracy. The declarations of a co-conspirator, to be admissible, must be made during the life of the conspiracy and in furtherance thereof, and not upon and after its consummation.

ID.—EVIDENCE OF CONSPIRACY NOT SHOWN.—It is held that the record upon appeal of the defendant is barren of any evidence which would tend to show the existence of a conspiracy to commit the crime charged.

ID.—RULE AS TO ADMISSIBILITY OF DECLARATIONS IN PRESENCE OF DEFENDANT—EXPLANATION OF CONDUCT.—The rule as to the admissibility of declarations made in the presence and hearing of the defendant applies only when there is something in the conduct of the accused person in response to the statement that is material to the issue.

ID.—DECLARATIONS OF CODEFENDANT PREJUDICIAL IF NOT SHOWING THAT DEFENDANT'S CONDUCT AND REPLY INDICATED GUILT.—The declarations of the codefendant could have been admissible only when excluding prejudicial hearsay, and showing that the defendant's conduct and statements in reply indicated guilt, and were not those of an innocent man. In such case, it is not the statements themselves which can be received as evidence, but it is only the guilty conduct or incriminating reply of a defendant in response to an accusation of crime or statements implicating him in its commission, that constitute relevant and competent evidence against him.

ID.—MUTE ADMISSION OF GUILT UNDER ACCUSATION.—Ordinarily, when a defendant, under conditions which fairly afford him an opportunity to reply, stands mute in the face of an accusation of crime, the circumstance of his silence may be taken as an admission of guilt.

ID.—EFFECT OF PROMPT DENIAL—ACCUSATORY STATEMENTS INADMIS-
SIBLE.—But if the accused defendant promptly and fully denies
the charge, the accusatory statements standing alone are not in
any sense competent evidence of the defendant's guilt, and should
in such a contingency be excluded from the consideration of the
jury.

ID.—EFFECT OF FALSE STATEMENT.—If it should be shown that the
accused had made a false statement as to his innocence, the fact
would still remain that the accusation cannot be considered as
evidence, since, in such case, it is the falsehood and not the accusa-
tion that indicates a consciousness of guilt and weighs against
the defendant.

ID.—RULING NOT SUSTAINED—INCOMPETENT ACCUSATION—FALSE STATE-
MENT NOT SHOWN.—It is held that the record shows no false
statement, nor any ground upon which the incompetent accusation
by the codefendant against the defendant could be received in evi-
dence, and that its erroneous admission demands a reversal.

APPEAL from a judgment of the Superior Court of Ala-
meda County, and from an order denying a new trial. Wm.
S. Wells, Judge.

The facts are stated in the opinion of the court.

J. J. Van Hovenberg, for Appellant.

U. S. Webb, Attorney General, for Respondent.

LENNON, P. J.—The defendant, jointly with one Charles
Miller, was charged with the crime of burglary. He was
convicted, upon a separate trial, of burglary in the first de-
gree, and sentenced to fifteen years in the state's prison at
San Quentin.

The testimony of the arresting officer with reference to a
conversation which he had with the codefendant Miller at
the time of the arrest and not in the presence of the defend-
ant was not objected to at the trial, and the error in the ad-
mission of this testimony cannot now be considered.

Shortly after the commission of the burglary Police Officer
Frank Anderson, while patrolling his beat, encountered the
defendant and Miller. Their conduct was such as to attract
the attention and arouse the suspicion of the officer. Upon
the approach of the officer the defendant fled, and an imme-

diate search of Miller's person revealed a box of cigars, which was subsequently identified as having been stolen from the premises charged to have been burglarized. Miller was placed under arrest and taken to the city prison in a patrol wagon. The arresting officer was permitted to testify, over the objection of the defendant, that immediately after Miller had been booked a brush and a razor, also identified as a portion of the property stolen from the premises in question, were found secreted in the patrol wagon.

This testimony was admissible as a part of the people's case in proof of the fact that the burglary charged had been committed.

It may not have been competent evidence to show that the defendant committed the crime charged, but it did tend to show that the premises described in the information had been burglarized, and for this purpose it was competent, relevant and material. The defendant's objection, which went only to the competency of the evidence, was properly overruled.

Several days after the arrest of Miller the defendant was apprehended and charged with the crime. Miller was not called at the trial as a witness for the people, but Police Officer Kyle was permitted to testify, in effect, that, in his presence, and in the presence of the defendant, Miller declared that the defendant committed the burglary. Kyle testified further that the defendant promptly and unequivocally asserted that Miller was not telling the truth, and then, in response to questions put to him by Kyle, narrated the circumstances of his meeting with and being in the company of Miller on the night of and shortly after the commission of the crime.

Counsel for defendant objected to the testimony of the witness Kyle, upon the ground that the proffered statements of Miller were hearsay, and made after the commission of the burglary. The court overruled the objection upon the theory that Miller's accusation of the defendant was admissible merely because it was made in the presence of the defendant. Subsequently the defendant moved to strike out the testimony referred to. The district attorney resisted this motion upon the theory that he had shown the existence of a conspiracy by Miller and the defendant to commit the crime charged, and that inasmuch as the testimony of Officer Kyle

purported to disclose the declarations of a co-conspirator. made in the presence of the defendant, it was admissible. The motion to strike out was denied, and in this, and in its ruling upon the previous objection, the court erred to the prejudice of the defendant.

The testimony objected to was clearly hearsay, and its admission cannot be justified upon the theory that it was evidence of the declarations of a co-conspirator, or merely because the declarations of Miller were made in the presence and hearing of the defendant. The record is barren of any evidence which would tend to show the existence of a conspiracy to commit the crime charged. But even if the record disclosed evidence sufficient to warrant the theory of the existence of a conspiracy, it is apparent that the declarations of Miller were made subsequent to the perpetration of the crime, and several days after the completion of the conspiracy claimed to have been shown by the people.

The declarations of a co-conspirator, to be admissible in evidence, must be made during the life of and in furtherance of the conspiracy, and not upon or after its consummation. (*People* v. *English,* 52 Cal. 212; *People* v. *Aleck,* 61 Cal. 138; *People* v. *Dilwood,* 94 Cal. 90, [29 Pac. 420].)

We are aware that there are several decisions in this state wherein it has been said, generally, that conversations had *in the presence and hearing* of a defendant are not hearsay, and may be admitted in evidence against him. (*People* v. *Moore,* 45 Cal. 20; *People* v. *Irwin,* 77 Cal. 504, [20 Pac. 56]; *People* v. *Mayes,* 113 Cal. 627, [45 Pac. 860].) But we do not understand those cases to decide as an unqualified rule of law that the declarations of a person not called as a witness at the trial, even though he is shown to be a co-conspirator, are competent evidence merely because such declarations were made in the presence and hearing of the defendant.

The sum and substance of the rule in this behalf, as well as its purpose and the circumstances under which it may be invoked and applied, are concisely stated by Mr. Justice Cooper in *People* v. *Philbon,* 138 Cal. 532, [71 Pac. 651], wherein it is said: "It is undoubtedly the rule in this state that statements of persons not called as witnesses are not admissible in evidence simply because made in the presence and hearing of the accused person. It is only when there is some-

thing in the conduct of the accused person, in response to the statement, that is material to the issue, that the statements are admissible at all, and they are admissible then solely for the purpose of explaining the conduct of the accused.''

The fact that Miller was either a co-conspirator or an admitted accomplice does not take his declarations, made when the crime or alleged conspiracy was a thing of the past, out of the category of hearsay evidence, nor entitle them to any greater consideration than that accorded to the statements of an innocent and disinterested third person. (*People* v. *Oldham,* 111 Cal. 653, [44 Pac. 312].)

The declarations of Miller could have been admissible against the defendant only in the presence of those circumstances which create an apparent exception to the rule excluding hearsay testimony, and permit in evidence statements made in the presence and hearing of a defendant, by a person not called as a witness, for the single purpose of showing that the defendant's conduct and statements in reply were not those of an innocent man. (*People* v. *Weber,* 149 Cal. 338, [86 Pac. 671].) Under this rule, repeatedly declared and defined in this state, the statements themselves cannot be received or considered as evidence. It is only the guilty conduct or incriminating reply of a defendant in response to an accusation of crime or statements implicating him in its commission that constitute relevant and competent evidence against him. (*People* v. *Teshara,* 134 Cal. 542, [66 Pac. 798].)

Ordinarily, when a defendant, under conditions which fairly afford him an opportunity to reply, stands mute in the face of an accusation of crime, the circumstance of his silence may be taken against him as evidence indicating an admission of guilt. (Jones on Evidence, sec. 291; *People* v. *McCrea,* 32 Cal. 98; *People* v. *Ah Yute,* 53 Cal. 614; *People* v. *Louie Foo,* 112 Cal. 24, [44 Pac. 453]; *People* v. *Mallon,* 103 Cal. 513, [37 Pac. 512]; *People* v. *Amaya,* 134 Cal. 536, [66 Pac. 794].)

But if he promptly and fully deny the charge, the accusatory statements, standing alone, are not in any sense competent evidence of the defendant's guilt (*People* v. *Estrado,* 49 Cal. 171; *People* v. *Ah Yute,* 54 Cal. 90), and should in such a contingency be excluded from the consideration of the jury.

(*People* v. *Teshara,* 134 Cal. 542, [66 Pac. 798]; *People* v. *Philbon,* 138 Cal. 532, [71 Pac. 651].)

As was said in the case of *People* v. *Teshara,* 134 Cal. 542, [66 Pac. 798], "The court and the district attorney seem to have lost sight of the fact that it is not the accusation but the conduct of the accused that is evidence in such cases, and that the only reason for admitting the accusation is to explain the conduct."

This rule applies with peculiar force to the facts of the case at bar, for it appears from the record that when Miller had concluded his statement, wherein he declared the defendant to be the perpetrator of the crime, Officer Kyle turned to the defendant and asked him if Miller was telling the truth. Under such circumstances the *silence* of the defendant would have been competent evidence against him; but in view of the defendant's prompt denial, the propriety and necessity of excluding Miller's statements from the evidence in the case at bar are readily apparent.

The question which elicited the evidence complained of was, "Tell us what Miller said in the presence of the defendant." This question upon its face was objectionable. It sought to adduce only the conversation of Miller, and not the conduct and statements of the defendant in reply, and in view of the defendant's objection it was incumbent upon the district attorney to amplify the question by adding the particulars which he expected to prove, or, at least, announce to the court that the question and the testimony sought to be adduced thereby were the preliminaries of a purpose and an effort to show the defendant's conduct and statements in the presence of an accusation of crime. The district attorney knew, or should have known, what the witness Kyle would testify to; and if it had been stated to the court by the district attorney that it was his purpose to show that the defendant had been charged by Miller with the commission of the crime, and that the defendant had promptly denied the accusation, it is but fair to the trial court to assume that the objection would have been sustained.

We are not unmindful of the suggestion made by the attorney general that, as indicated in *People* v. *Cole,* 141 Cal. 88, [74 Pac. 547], the rule of evidence under discussion is subject to the qualification that such testimony is admissible,

notwithstanding a defendant's prompt and full denial of guilt, if, in addition and in an attempt to avoid the effect of the accusation, he makes a statement which is calculated to deceive or is subsequently shown to be false. In such a case, however, the scope and effect of the evidence is not materially modified. The fact would still remain that the accusation could not be considered as evidence, for, in such a case, it is the falsehood and not the accusation which indicates a consciousness of guilt and weighs against the defendant. (*People* v. *Turner,* 1 Cal. App. 422, [82 Pac. 397].)

Even in this modified form the rule of evidence referred to cannot, on the facts of this case, be invoked to support the rulings of the trial court. Apart from the alleged declarations of Miller no attempt was made to contradict or impeach the statement of the defendant made in explanation of his conduct, his recent possession of stolen property, and his association with Miller on the night of the burglary. Neither is it apparent from the record before us that the defendant's reply to the accusation of Miller was a false and deceptive statement made in an attempt to avoid the effect and consequences of the accusation. Moreover, the defendant's subsequent explanation of his whereabouts on the night in question, and the reason which he gave for his flight on the approach of the arresting officer, were in response to questions by the witness Kyle, and do not appear to have been made in reply to anything that was said by Miller. This being so, the declaration of Miller that the defendant committed the crime charged became an independent piece of evidence which, although manifestly incompetent, was, through the medium of the witness Kyle, submitted to the jury for its consideration.

In any view of the case we are forced to the conclusion that the evidence complained of was improperly admitted; and as we are not permitted to say that the verdict would have been the same if the testimony of the witness Kyle had been rejected, the judgment and order appealed from are reversed, and the cause remanded for a new trial.

Hall, J., and Kerrigan, J., concurred.