[Crim. No. 709.   Second Appellate District, Division One.—July 30, 1920.]

THE PEOPLE, Respondent, v. DONALD C. GRANEY, Appellant.

[1] ·CRIMINAL LAW—ATTEMPTED ROBBERY—INCRIMINATORY STATEMENT BY PARTICIPANT—SILENCE OF DEFENDANT UNDER ADVICE OF COUNSEL—ADMISSIBILITY OF EVIDENCE.—In a prosecution for the crime of attempted robbery, an incriminatory statement by one of the participants in the commission of the crime is admissible in evidence where the statement was made in the presence of the defendant and, although he was free to speak and had every opportunity to do so, he neither denied nor admitted the accusation, but stood· mute and assigned as his reason therefor that his counsel had advised him not to talk about the case until he was taken into court.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Frank R. Willis, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Guy Eddie, E. M. Torchia and H. J. Fish for Appellant.

U. S. Webb, Attorney-General, and Arthur Keetch, Deputy Attorney-General, for Respondent.

SHAW, J.—Defendant, as charged in an indictment, was convicted of the crime of attempted robbery, and prosecutes this appeal from the judgment thereon pronounced against him.

[1]  On the afternoon of October 2d, four men, all of whom were armed, entered the First National Bank of Hynes and attempted to rob the same.   One of them, Dave Curry by name, was captured while engaged in the felonious act.   On the following day, defendant and two other men were arrested as participants in the commission of the crime.   In company with Curry, they were taken to the office of the sheriff, at which time Curry admitted his guilt and, in the presence of defendant, stated the latter was a full participant therein.   During the examination of Curry, the question was asked: "Did you have any talk together as to what you were going to do or where you were going?"

in response to which Curry said, "No." And continuing, the interrogator stated: "Something had been said, wasn't there? What did you say to one another?" whereupon defendant interposed, saying: "Our counsel gave us orders not to talk about the case until we were taken into court." The interrogation of Curry proceeded, and upon the completion of his statement, defendant was asked if there was anything in the statement which he wanted to correct or add anything thereto, to which he replied, "No, sir." And again: "Is there anything that Curry has said, boys, that is not right or that you want to correct? . . . Anything you want to correct or fill in, Graney?" To which he replied, "No, sir." Not only did defendant object to the introduction of this testimony, but thereafter moved the court to strike out the same, which motion was denied; and this ruling constitutes the only error of which defendant complains.

While appellant concedes the rule stated by the court in instructing the jury, that "you cannot take into consideration the substance of said confession or the truth or falsity of it against the defendant, but can only consider what the defendant did or said when said statement was made in his presence," he insists that by reason of the mere avowal that his attorney had advised him not to talk, what he said or did in response to Curry's statement as to his participation in the crime was not admissible in evidence, and hence it follows that it was likewise error to admit Curry's statement.

The denial of the truth of the statement made at the time would have rendered the evidence inadmissible (*People* v. *Teshara*, 134 Cal. 542, [66 Pac. 798]), and the converse is true where an accusation is admitted. So, too, it is held that where, in response to the accusation of crime, the accused remains mute under such circumstances that he was free to speak or ought to speak, the fact of his remaining mute would justify the admission of the evidence. (*People* v. *Philbon*, 138 Cal. 530, [71 Pac. 650].) In the instant case, defendant was free to speak and had every opportunity to do so; indeed, his position under the circumstances was such that if the charge was untrue he should have spoken in repudiation thereof. But he neither denied nor admitted the accusation; in effect, he stood mute and assigned his rea-

sons for so doing. The court was thus called upon, in passing upon the preliminary question of the admissibility of the evidence, to determine upon the unsworn statement of defendant, not only whether the reason assigned was a subterfuge, but whether, if genuine, it justified defendant making no response to the accusation. In our opinion, it ruled correctly in allowing the evidence to go to the jury for what it was worth. If the jury believed the defendant's testimony thereafter given in his own behalf, that his attorney had advised him not to talk, and which the court did not have before it when it made the ruling, it would be of little probative weight, but this fact does not affect its admissibility. The facts of the case are very similar to those involved in *People* v. *Philbon, supra,* where the defendant was charged with grand larceny. It appearing that a bystander, who witnessed the theft, said, in the presence of and referring to defendant: "Don't you let him go, because I saw him take your purse," to which the accused replied: "I didn't take it. I saw you drop it, and I picked it up and went after you." On appeal the court upheld the admission of this evidence for the purpose of showing the conduct of defendant and his reply to the statements made by the bystander who claimed to have witnessed the theft; and further said: "It is only when there is something in the conduct of the accused person, in response to the statement that is material to the issue, that the statements of such persons are admissible at all, and they are admissible then solely for the purpose of explaining the conduct of the accused." So here, the testimony was admissible, leaving to the jury the question as to whether under all the circumstances shown it had any probative force in tending to show defendant's guilt.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.