[Crim. No. 964. First Appellate District, Division Two.—May 7, 1921.]

THE PEOPLE, Respondent, v. F. J. HEALEY, Appellant.

[1] CRIMINAL LAW—COMMISSION OF LEWD ACT—EVIDENCE—FAILURE TO MAKE OUTCRY.—In a prosecution for the commission of lewd and lascivious acts upon the body of a female under the age of fourteen years, the failure to make an outcry immediately after the commission of the offense goes only to the question of credibility of the prosecutrix.

[2] ID.—INCRIMINATORY ACT WITH THIRD PARTY.—In such a prosecution, an admission made by the defendant in the presence of a police officer of an act of indiscretion in relation to the prosecuting witness and another girl is inadmissible, but harmless where defendant in his own examination and in the cross-examination of the officer brought before the jury the only testimony regarding the other girl which was at all incriminatory.

[3] ID.—ACCUSATORY STATEMENTS.—In such a prosecution, the testimony of a police officer regarding what was said by the prosecuting witness in defendant's presence soon after his arrest, which covered statements accusatory in character, was inadmissible where their truth was denied by the defendant, but was rendered competent by the bringing out by the defendant on cross-examination of the officer of other statements made at the same time explaining his conduct toward both girls.

APPEAL from a judgment of the Superior Court of Alameda County. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. E. Gehring and Allen C. Cunha for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

NOURSE, J.—Defendant appeals from a judgment and order denying his motion for a new trial after conviction on an information charging him with a violation of section 288 of the Penal Code. It is alleged in the information that the offense consisted of lewd and lascivious acts committed in relation to a girl of the age of ten years.

Defendant has assigned three grounds for reversal—(1) insufficiency of the evidence; (2) misconduct of the district attorney; and (3) error in the admission of certain evidence.

[1]   (1) The first ground assigned is based upon the improbability of the story of the complaining witness, the appearance that she had been coached in her story, and the fact that she failed to make an outcry.  But a review of the record satisfactorily shows that, though the testimony of the complaining witness may not seem to be altogether convincing, it was sufficient to sustain the verdict if believed by the jury.  The weight of the evidence is, of course, a matter for the jury and not for this court.  The failure to make an outcry immediately after the commission of the act goes only to the question of credibility of the prosecutrix.

[2]   (2) Misconduct on the part of the district attorney is assigned in his reference in his opening statement to an alleged admission made by the defendant in the presence of certain police officers of some act of indiscretion in relation to the prosecuting witness and another girl.  When the offer to produce such testimony was made by the district attorney, defendant's counsel objected and the district attorney confessed error and withdrew the remark.  Thereupon the court instructed the jury to disregard it.

But when the witness Lilienthal was on the stand the district attorney endeavored to get similar testimony before the jury.  That the testimony was not admissible reference need be made only to the recent opinion of the supreme court in *People* v. *Anthony,* 185 Cal. 152, [196 Pac. 47].  But defendant did not assign the error at the time or request the court to instruct the jury to disregard it.  It is apparent from the entire record that no harm resulted from the error now criticised because the defendant in his own examination and in the cross-examination of the police officer brought before the jury the only testimony regarding the other girl which was at all incriminatory.

[3]   (3) Over the objection of defendant the prosecution was permitted to introduce the testimony of a police officer

regarding what was said by the prosecuting witness in defendant's presence soon after his arrest. The testimony covered statements made by the prosecuting witness which were accusatory in character. On his direct examination the officer testified that when the accusation was made the defendant merely said: "That is not the truth. The girl is mistaken." If the testimony had closed there and if this answer should be treated as a complete and unqualified denial of the whole accusation, then the testimony of the officer relating to what was said by the prosecutrix was inadmissible. As said in *People* v. *Teshara,* 134 Cal. 542, 544, [66 Pac. 798, 799]: "It is not the accusation, but the conduct of the accused, that is evidence in such cases, and that the only reason for admitting the accusation is to explain the conduct. The district attorney should not have offered this evidence, knowing, as he did, that Teshara had not remained silent under the accusation, but had repelled it at the time it was made." To the same effect is *People* v. *Philbon,* 138 Cal. 530, 532, [71 Pac. 650].

But the defendant, in his cross-examination of the officer, brought out other statements which he made at the time explaining his conduct toward both of the girls, and in this way so limited the effect of his denial of the accusation as to render competent the testimony which otherwise would have been inadmissible.

The judgment is affirmed.

Langdon, P. J., and Sturtevant, J., concurred.