[Crim. No. 348.   Fourth Appellate District.—May 18, 1937.]

THE PEOPLE, Respondent, v. ERNEST WAGNER, Appellant.

James L. King for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

MARKS, J.—Defendant was charged with the crime of murder. He was convicted of manslaughter and has appealed from the judgment and order denying his motion for new trial.

Defendant urges that the trial court committed error in admitting in evidence, over his objections, statements made by deceased in the presence of defendant wherein deceased accused defendant of having shot him. Defendant immediately denied the accusations and asserted he had not shot deceased. Under a similar state of the record this court said, in *People* v. *Wignall*, 125 Cal. App. 465 [13 Pac. (2d) 995]:

"Where a defendant denied his guilt, accusatory remarks made in his presence are not admissible for any purpose. (*People* v. *Lapara*, 181 Cal. 66 [183 Pac. 545]; *People* v. *Goltra*, 115 Cal. App. 539 [2 Pac. (2d) 35]; *People* v. *Ayhens*, 16 Cal. App. 618 [117 Pac. 789].) The testimony of the district attorney should not have been offered in evidence. (*People* v. *Teshara*, 134 Cal. 542 [66 Pac. 798]; *People* v. *Goltra, supra*.)"

Defendant maintains that the *corpus delicti* was not established and, therefore, extrajudicial statements made by him were improperly admitted. Deceased was shot on the afternoon of November 21, 1936. The bullet entered the left side of his body about three and one-half inches above the crest of the left hip bone. It ranged downward and backward piercing the intestines and spinal column. He died on the early morning of November 23, 1936, from peritonitis induced by the wound. A thirty-eight caliber ball was removed from his body. Defendant owned a thirty-eight caliber revolver which was found in a room adjoining that in which deceased was shot. In addition to the bullet in deceased's body another had entered the wall of the room in which deceased was shot. Two thirty-eight caliber shells were found stamped into mud outside the door of the house where the crime had been committed. While there was no direct evidence of the presence or absence of powder burns

on the body of deceased, two physicians testified that other than the bullet hole there were present no bruises, abrasions or other marks. From this evidence it might have been inferred there were no powder burns on deceased's body. Under this state of the record the *corpus delicti* was sufficiently established to permit the introduction in evidence of the extrajudicial statements of defendant. (*People* v. *Bonilla,* 114 Cal. App. 219 [299 Pac. 784]; *People* v. *Clark,* 70 Cal. App. 531 [233 Pac. 980]; *People* v. *Selby,* 198 Cal. 426 [245 Pac. 426].)

█ Defendant complains of rulings which he maintains deprived him of the opportunity of proving threats made against deceased by James McClune a few days before the killing. He was permitted to prove that McClune and deceased had engaged in a scuffle; that McClune was armed with a pickhandle; that deceased had the advantage in the difficulty; that McClune threatened deceased. There was no evidence connecting McClune with the commission of the crime. In making these rulings the trial judge was more lenient to defendant than necessary under the established law of this state. (*People* v. *Mendez,* 193 Cal. 39 [223 Pac. 65].)

█ Defendant next contends that the evidence is insufficient to support the verdict and judgment. On two occasions following the death of deceased, defendant freely and voluntarily admitted that he pointed the revolver at deceased and shot him. The only explanation which he offered was that he was drunk and did not know why he fired the two shots from his gun.

Defendant became a witness in his own behalf at the trial. He neither denied making these statements nor shooting deceased. He merely contented himself with testifying that for a period of about three weeks commencing a short time before the shooting he was so.drunk he had no recollection of anything that had happened. There was ample evidence disproving any such state of intoxication.

█ Defendant complains of two instructions given by the trial court. If we assume that his position is correct, still it would furnish no good ground for reversal. Defendant freely and voluntarily admitted firing the fatal shot. His statements were taken down by a court reporter and read into the record. We have studied the entire record and find nothing to cause us to entertain the slightest doubt of the

truth of these confessions nor to question the fact that they were fairly obtained and freely given while defendant was in possession of his faculties. 'Under such circumstances minor procedural errors and minor errors in instructions, if any, could not be held to have resulted in a miscarriage of justice. Defendant stands convicted by his own confessions and cannot complain because the jury, the trial judge, and this court have accepted his own statements at their face value.

The judgment and the order denying the motion for new trial are affirmed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 17, 1937.